COBB, Judge.
For purposes of this appeal we review Counts 10 through 13 in regard to the defendant’s convictions and sentences.
Count 10 charged armed trafficking in cannabis. § 893.135(l)(a), Fla.Stat. (1991). On October 6, 1992, the defendant and two others possessed in excess of 100 pounds of cannabis with the intent to distribute it. The defendant, it was further alleged, had in his possession a “firearm.” § 775.087(1), Fla. Stat.
Count 11 charged the defendant individually with a violation of section 893.13(l)(a), possessing cannabis with intent to sell on October 6, 1992, while also in possession of a firearm; to wit, a machine gun. §§ 775.087(2)(a); 790.001, Fla.Stat.
Counts 12 and 13 each charged possession of a machine gun. The defendant was alleged to have had in his possession a MAC 10 and AR 15 on October 6, 1992. §§ 790.001(9); 790.221, Fla.Stat.
We conclude that there is no double jeopardy problem associated with Counts 10 and 11. See State v. Weller, 590 So.2d 923 (Fla. 1991); Rotenberry v. State, 468 So.2d 971 (Fla.1985), receded from on other grounds, Carawan v. State, 515 So.2d 161 (Fla.1987).
As to Counts 12 and 13, one of these must be vacated since under a strict Block-burger [1] test, either Count 12 or 13 is wholly contained within Count 11. See Simms v. State, 538 So.2d 549 (Fla. 3d DCA 1989); Johnson v. State, 535 So.2d 651 (Fla. 3d DCA 1988); Ziegler v. State, 385 So.2d 1168 (Fla. 1st DCA), review denied, 392 So.2d 1381 (Fla.1980).
Accordingly, we vacate the conviction as to Count 13 and remand for resentencing.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
GRIFFIN and DIAMANTIS, JJ., concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).