PER CURIAM.
Appellant argues on appeal that his dual convictions for sale of cocaine and sale of cocaine within 1,000 feet of a school with regard to the same quantity of cocaine violate principles of double jeopardy. We agree and reverse.
Appellant was charged in a three-count information in case 97-1839 with sale of a controlled substance, possession of a controlled substance with intent to sell, and sale of cocaine within 1000 feet of a school with regard to the controlled buy of a single rock of cocaine from appellant on January 8,1997. In case 97-1840 appellant was charged with the same three counts with regard to the controlled buy of a single rock of cocaine from appellant, which occurred on February 11, 1997. The jury found appellant guilty as charged on all counts, and appellant was adjudicated guilty and sentenced to the maximum term under the guidelines of 171.7 months on each of the six counts with the sentences to run concurrently.
Although .appellant has raised this double jeopardy issue for the first time on appeal, we may review the matter to determine whether the dual convictions in both cases constitute fundamental error. See Henry v. State, 707 So.2d 370, 371 (Fla. 1st DCA 1998) (“A double jeopardy violation is fundamental error within the meaning of section 924.051(3), Florida Statutes (Supp.1996) [the Criminal Appeal Reform Act].”).
Appellant was charged in count one of both informations with the second degree felony of sale of cocaine in violation of section 893.13(l)(a), Florida Statutes (1995). That statute provides that “it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance.” In count three of each information appellant was charged with the first degree felony of sale of cocaine within 1000 -feet of a school in violation of section 893.13(l)(c), which provides that “it is unlawful to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver a controlled substance in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle,' or secondary school between the hours of 6 a.m. and 12 a.m.” As explained above, the sale charge in each case was for appellant’s sale of the same quantum of cocaine that count three of each information charged was sold within 1,000 feet of a school. The answer to this double jeopardy question lies in the application of the statutory comparative elements analysis specified in section 775.021(4), Florida Statutes, in the manner explained in Gibbs v. State, 698 So.2d 1206 (Fla.1997).
In Gibbs, the Florida Supreme Court was asked whether convictions’for trafficking pos *1016 session of cocaine, prohibited by section 893.135, and simple possession of a controlled substance, prohibited by section 893.13(l)(f), for the same quantity of cocaine violated principles of double jeopardy. After applying the statutory elements test, the court held that it had “no basis for concluding that the legislature intended that multiple charges for possession of the same quantum of cocaine be prosecuted as separate crimes.” The court explained, however, that the comparative elements analysis must be applied differently when the statute prohibits alternative types of conduct.
However, we recognize that an alternative conduct statute, such as the cocaine trafficking statute, requires an analysis that breaks the conduct elements into the specific alternative conduct which is in the other statute being compared. The conduct element of the trafficking statute is not compared by considering the entire range of conduct including possession, sale, purchase, and delivery, but rather by comparing only trafficking possession with simple possession. This is a different situation from a case in which the defendant is charged with both trafficking sale and simple possession, because the sale element of the trafficking statute differs from the elements in the simple possession statute. Thus, if prosecution is for the same conduct under both statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles.
Id. at 1209-10. The court subsequently applied this same analysis in Johnson v. State, 712 So.2d 380 (Fla.1998), and concluded that Johnson’s dual convictions for trafficking in cocaine, an offense prohibited by section 893.135, and possession of a controlled substance with intent to sell, which is prohibited by section 893.13(l)(a), violated double jeopardy.
In the instant case, appellant was convicted for his sale and sale within 1000 feet of a school of the same quantity of cocaine, and a comparison of the specific alternative conduct in the two relevant statutes reveals that each offense does not require proof of an element the other does not. Accordingly, appellant’s dual convictions for the same conduct violate double jeopardy and cannot stand.
We reverse appellant’s convictions and sentences for sale of cocaine, which was charged in count one of each information, and remand for resentencing on the remaining four charges.
MINER, ALLEN and BROWNING, JJ., concur.