TAYLOR, J.
 

 Appellant argues that his convictions and sentences for sale or delivery of oxyco-done (Count I) and trafficking in oxyco-
 
 *513
 
 done (Count II) violate double jeopardy. We agree and reverse appellant’s conviction and sentence on Count I and remand with directions to discharge appellant on this count.
 

 Appellant was charged by information with sale or delivery of oxycodone, in violation of section 893.13(l)(a), Florida Statutes (Count I); trafficking in oxycodone, in that he “did knowingly sell, purchase, manufacture, delivery, bring into this state, or be in actual or constructive possession of, 4 grams or more, but less than 14 grams of oxycodone, in violation of Florida Statute 893.135(l)(e)a” (Count II); and possession of a firearm or ammunition by a convicted felon, in violation of section 790.23, Florida Statutes (Count III).
 

 Appellant entered an open plea of no contest on all three counts. The parties stipulated to a factual basis for the plea, and without objection from either party, the court relied on the arrest affidavit for a factual basis. The arrest affidavit alleged that on December 9, 2008, appellant met with an officer and entered the officer’s car. In exchange for 40 oxycodone pills weighing 4.2 grams, the officer gave appellant $480.
 

 At sentencing, the trial court adjudicated appellant guilty on each count and sentenced him to five years in prison for sale and delivery of oxycodone (Count I), five years in prison, with a three year minimum mandatory, for trafficking in oxyco-done (Count II), to run concurrent with Count I, and five years for possession of a firearm or ammunition by a convicted felon (Count III), to run concurrent with Count II.
 

 At the end of the sentencing hearing, defense counsel raised a concern that adjudicating and sentencing appellant for both trafficking in oxycodone and sale or delivery of oxycodone would violate double jeopardy. The trial court disagreed, reasoning that trafficking is simple possession with a certain drug weight and that appellant could be charged with drug sale and drug possession without violating double jeopardy. This appeal followed.
 

 “ ‘Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo.’ ”
 
 Finkley v. State,
 
 16 So.3d 329, 329 (Fla. 4th DCA 2009) (quoting
 
 Binns v. State,
 
 979 So.2d 439, 441 (Fla. 4th DCA 2008)). A double jeopardy violation “is a fundamental error which can be raised for the first time on appeal.”
 
 Tannihill v. State,
 
 848 So.2d 442, 444 (Fla. 4th DCA 2003). Generally, the entry of a guilty plea will preclude a later double jeopardy attack on conviction or sentencing grounds.
 
 Labovick v. State,
 
 958 So.2d 1065, 1067 (Fla. 4th DCA 2007) (citing
 
 Godfrey v. State,
 
 947 So.2d 565, 567 (Fla. 1st DCA 2006)). But there are exceptions to this general rule. The Florida Supreme Court explained that:
 

 [t]here is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.
 

 Novaton v. State,
 
 634 So.2d 607, 609 (Fla.1994).
 

 A general plea is one where no agreement exists as to the sentence the defendant will receive; “[a]n agreement to a specific sentence or a specific sentencing benefit is a key element distinguishing a bargained plea agreement from a general one.”
 
 Williamson v. State,
 
 859 So.2d 553, 554 (Fla. 1st DCA 2003). Here, despite the state’s assertion of a plea agreement based on some “off-the-record” substantial assistance negotiations, the record shows that appellant entered a general plea to
 
 *514
 
 the trial judge. At the plea hearing, the court asked appellant if he understood that there was “no specific agreed upon sentence,” and appellant responded that he did. Moreover, the state conceded in its answer brief that this was technically an “open” plea. Because no agreement existed as to the sentence that appellant would receive, we view this plea as a general plea, rather than a plea based on a plea bargain. The first
 
 Novaton
 
 element is thus satisfied.
 

 Regarding the second prong of
 
 Novaton,
 
 we find that the.double jeopardy violation is apparent from the record. The information set forth the elements of the crimes with which appellant was charged, and the trial court, without objection, Took judicial notice of the facts contained in the arrest affidavit.
 

 In Count I, appellant was charged with oxycodone sale or delivery (§ 893.18(l)(a), Fla. Stat. (2008)). In Count II, appellant was charged -with oxycodone trafficking (§ 893.135(l)(c)l.a., Fla. Stat. (2008)).
 

 Section 893.13(l)(a) provides in pertinent part; “Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance.” The information alleged that appellant knowingly sold and delivered a controlled substance.
 

 Section 893.135(l)(c)l.a. provides in pertinent part:
 

 (1) Except as authorized in this chapter or in chapter 499 and notwithstanding the provisions of s. 893.13: ...
 

 (c)l. Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of ... oxycodone ..., or 4 grams or more of any mixture containing any such substance, but less than 30 kilograms of such substance or mixture, commits a felony of the first degree, which felony shall be known as “trafficking in illegal drugs”.... If the quantity involved:
 

 a. Is 4 grams or more, but less than 14 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 years, and the defendant shall be ordered to pay a fine of $50,000.
 

 The trafficking count alleged that appellant knowingly sold, purchased, manufactured, delivered, brought into Florida, or was in actual or constructive possession of oxycodone. The trafficking statute is an alternative conduct statute, which “requires an analysis that breaks the conduct elements into the specific alternative conduct which is in the other statute being compared.”
 
 See Bradshaw v. State,
 
 727 So.2d 1014, 1016 (Fla. 1st DCA 1999) (quoting
 
 Gibbs v. State,
 
 698 So.2d 1206, 1209-10 (Fla.1997)). As
 
 Gibbs
 
 explained, the conduct element of the trafficking statute is not compared by considering the entire range of conduct (including possession), but is limited to the alleged specific trafficking conduct.
 
 Id.
 
 Here, although the state did not specify the trafficking conduct charged, there was no dispute as to the factual basis for appellant’s plea. Appellant’s arrest and subsequent charges were based upon his sale and delivery of oxycodone pills to an undercover officer, not upon his simple possession of the pills, as the trial court determined. Thus, appellant’s dual convictions for sale and delivery and trafficking with regard to the same quantity of oxycodone violated double jeopardy.
 

 Finally, as to the waiver inquiry under
 
 Novaton,
 
 we find no waiver of the double jeopardy violation in this case. Where a defendant enters an open, unbar-gained-for plea to the court for multiple
 
 *515
 
 counts, such plea does not amount to a waiver of the right to appeal where there is no
 
 express
 
 waiver of the right to appeal a possible double jeopardy violation.
 
 Labovick,
 
 958 So.2d at 1067, 1068 (citing
 
 Godfrey,
 
 947 So.2d at 567, and
 
 Novaton,
 
 634 So.2d 607). Here, although appellant generally waived his right to appeal pursuant to the felony plea form, nothing in the record indicates that appellant
 
 expressly
 
 waived his right to appeal the possible double jeopardy violation. In fact, defense counsel specifically raised this double jeopardy issue at the sentencing hearing.
 

 Accordingly, we reverse appellant’s conviction and sentence on the sale and delivery charge in Count I and remand with directions to discharge appellant on that count. Appellant’s judgment of conviction and sentence on the trafficking charge in Count II will remain as entered.
 

 Reversed and Remanded.
 

 WARNER and MAY, JJ., concur.