EVANDER, J.
Timothy Gross appeals his judgment and sentences for attempted second-degree murder with a destructive device and possession and discharge of a destructive device. We affirm, without discussion, the attempted second-degree murder conviction. However, we conclude that double *591 jeopardy principles require us to vacate Gross’ conviction for possession and discharge of a destructive device.[1]
Gross was charged by amended information with attempted first-degree murder with possession and discharge of a destructive device (Count I) and possession of and discharge of a destructive device (Count II) after placing an “improvised explosive device” in a package at the front door of the victim’s residence.[2] On Count I, the jury found Gross guilty of the lesser included offense of attempted second-degree murder with a special finding that Gross actually possessed and discharged a destructive device in the course of committing the offense. Gross was found guilty as charged on Count II.
The trial court enhanced the attempted second-degree murder charge from a second-degree felony to a first-degree felony for use of a weapon pursuant to section 775.087(l)(b), Florida Statutes (2009), and sentenced Gross to thirty years’ imprisonment in the Department of Corrections.[3] Pursuant to section 775.087(2)(a)2., Florida Statutes (2009), twenty of those years were imposed as a minimum mandatory sentence.[4] Gross was sentenced to a concurrent twenty-year minimum mandatory sentence on Count II.
A. double jeopardy violation does not have to be preserved for appeal because it is fundamental error that can be raised for the first time on appeal. Thomas v. State, 101 So.3d 917, 918 (Fla. 5th DCA 2012).
On appeal, Gross argues that because his conviction for attempted second-degree murder was reclassified based on his possession of a destructive device, double jeopardy precluded his conviction on Count II. We agree. See, e.g., Mendoza v. State, 941 So.2d 523 (Fla. 3d DCA 2006) (double jeopardy rights of defendant were violated where use of firearm was basis for enhancing attempted first-degree murder conviction from first-degree felony to life felony and defendant was then independently convicted for possession of firearm during commission of felony); Law v. State, 824 So.2d 1055 (Fla. 5th DCA 2002) (where defendant’s felony convictions were reclassified and enhanced due to defendant’s use of firearm in committing the crimes, single act of using that same firearm in the commission of those felonies as basis of separate sentence and conviction for use of firearm while committing a felony violated double jeopardy clause); Bradshaw v. State, 528 So.2d 473 (Fla. 1st DCA 1988) (upon enhancement of murder and attempted murder convictions based on ap *592 plication of firearms enhancement statute, charge of possession of firearm during commission of felony became lesser-inelud-ed offense and thus, defendant could not properly be convicted of firearm possession charge).
Accordingly, Gross is entitled to have his conviction for possession and discharge of destructive device vacated.
AFFIRMED, in part, REVERSED, in part; and REMANDED.
COHEN and WALLIS, JJ„ concur.

. § 790.161(2), Fla. Stat. (2009).

. Fortunately, the subsequent explosion of the device did not cause any personal injuries.

. Section 775.087(1) provides:
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
[[Image here]]
(b) In the case of a felony of the second degree, to a felony of the first degree.

.Section 775.087(2)(a)2. provides that:
Any person who is convicted of [an enumerated] felony, regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a “firearm” or “destructive device” as defined in s. 790.001 shall be sentenced to a minimum term of imprisonment of 20 years.