IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ALAN LYNSDALE HAMILTON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5380

Opinion filed May 27, 2015.

An appeal from the Circuit Court for Escambia County.
J. Scott Duncan, Judge.

Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public
Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Justin D. Chapman, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

      Alan Hamilton raises four issues on appeal.  We find merit only in his claim

that convictions for traveling to meet a minor under section 847.0135(4), Florida

Statutes (2013), and unlawful use of a two-way communications device under section 934.215, Florida Statutes (2013), violate double jeopardy, and therefore vacate his judgment and sentence for unlawful use of a two-way communications device. We affirm appellant's conviction for traveling to meet a minor in case no. 12-CF-2256 and his other convictions in case nos. 12-CF-2740, 12-CF-2788, and 12-CF-3347, but remand for resentencing on a scoresheet that reflects his conviction for unlawful use of a two-way communications device has been vacated.

The evidence at appellant's non-jury trial showed that, over three to four days in May of 2012, appellant used his cell phone to communicate with an undercover law enforcement officer, who was posing as a 14-year-old girl named Jessica. After expressing his wish to engage in sexual conduct to Jessica via text messages, appellant arranged to meet Jessica at a bowling alley. On May 4, 2012, appellant drove his vehicle to the bowling alley, approached an undercover officer, and was arrested.

Appellant argues his dual convictions violate double jeopardy because the elements of the offense of unlawful use of a two-way communications device are subsumed within the elements of the offense of traveling to meet a minor, and both offenses occurred within the same criminal episode. The Second District passed upon the same question in Mizner v. State, 154 So. 3d 391 (Fla. 2d DCA 2014). In

2

Mizner, the court analyzed the elements of each offense, noting that the statute prohibiting unlawful use of a two-way communications device required the use of a "'two-way communications device, including, but not limited to, a portable two-way wireless communications device, to facilitate or further the commission of any felony offense.'" Id. at 399. The court further noted that the offense of traveling to meet a minor, a felony, required the use of "'a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission.'" Id. Thus the court concluded, "the proof of the unlawful use of a two-way communications device was subsumed within the proof of the soliciting and traveling offenses in this case," and vacated the appellant's conviction for unlawful use of a two-way communications device. Id. at 399–400.

Like the Mizner court, we note that although appellant's communication with the undercover officer "spanned more than one day," the state charged a single count of unlawful use of a two-way communications device and a single count of traveling to meet a minor. Id. at 400. In addition, the information in the present case alleged each offense occurred "on or about May 4, 2012." Accordingly, "we reject the State's argument . . . that the evidence could support convictions for each offense as occurring during a separate criminal episode. The State did not charge the offenses as occurring during separate criminal episodes; rather, it charged them as occurring during a single criminal episode." Id.

3

The state relies on our decision in State v. Murphy, 124 So. 3d 323 (Fla. 1st DCA 2013), to argue that the dual convictions at issue in the present case do not run afoul of double jeopardy principles. The two offenses at issue in Murphy, however, are different from the offenses at issue in the present case. In Murphy, we held that dual convictions for soliciting a person believed to be a parent to engage in sexual activity with his or her child under section 847.0135(3)(b), and traveling to meet a minor after soliciting a person believed to be his or her parent under section 847.0134(4)(b), do not amount to double jeopardy. Id. at 330. In the present case, appellant was convicted of traveling to meet a minor under section 847.0135(4), and unlawful use of a two-way communications device under section 934.215. Thus, Murphy does not control the outcome of appellant's case.

Although we are persuaded by the Second District's double jeopardy analysis in Mizner, we find additional support for our decision in the present case from case law analyzing the double jeopardy effect of section 790.07, Florida Statutes, which prohibits the display, use, or possession of a firearm during the commission of "any felony." See Cleveland v. State, 587 So. 2d 1145 (Fla. 1991); Gracia v. State, 98 So. 3d 1243 (Fla. 3d DCA 2012); Brown v. State, 617 So. 2d 744 (Fla. 1st DCA 1993). In Brown, the appellant was convicted of, among other things, armed robbery with a firearm and use of a firearm during the commission of a felony. Id. at 745. After looking at the statutory elements for each offense, we

4

concluded "the charge of possession of a firearm during the commission of a felony does not contain any elements that are distinct from the armed robbery with a firearm and, since both crimes occurred during the same criminal transaction, the appellant could not be convicted and sentenced as to both." Id. at 747.

Similarly, we conclude in the present case that the offense of unlawful use of a two-way communications device does not contain any elements that are distinct from the offense of traveling to meet a minor. Because the state did not charge the offenses as occurring during separate criminal episodes, we must vacate appellant's judgment and sentence for unlawful use of a two-way communications device. See Mizner, 154 So. 3d at 400.

Affirmed in part, vacated in part, and remanded.

BENTON, CLARK, and SWANSON, JJ., CONCUR.