LAWSON, C.J.
In this Anders[1] appeal, Schoonover initially filed an Anders brief, then filed a pro se Initial Brief identifying eight issues, then filed a Supplemental Brief through counsel discussing two of those issues, as ordered by this court. Schoonover correctly argues that his convictions and sentences for possessing and discharging a destructive device and for arson of a dwelling with discharge of a destructive device violate double jeopardy. When the enhancement for discharging a destructive device is added to the crime of arson to *995 require a mandatory minimum twenty-year sentence pursuant to section 775.087(2)(a)2, Florida Statutes (2013) (10-20-Life law), the arson charge contains all of the elements of the separate charge of possessing and discharging a destructive device under section 790.161(3), Florida Statutes (2013). No other issue warrants relief or merits discussion.
Schoonover was charged in a two-count information as follows:

COUNT I

MAKE/POSSES/THROW/PROJ/PLACE/DIS-CHARGE DESTRUCTIVE DEVICE-POSSESSION AND DISCHARGE (FI)
790.161(3), 775.087(2)(a)(l) and 775.087(2)(a)(2) did willfully and unlawfully make, possess, throw, project, place,, or discharge a destructive device, to wit: Molotov cocktail(s), which resulted in property damage to the residence located at 13130 Hanley Drive in Spring Hill, Florida, and during the course of the commission of the offense, KRAIG ALAN SCHOONOVER actually possessed and discharged a “destructive device” as that term is defined in s. 790.001, in violation of Florida Statute 790.161(3), 775.087(2)(a)(l) and 775.087(2)(a)(2);

COUNT II

ARSON-DWELLING (FI) — POSSESSION AND DISCHARGE
806.01(l)(a), 775.087(2)(a)(l) and 775.087(2)(a)(2)
did unlawfully and willfully, by fire or explosion, damage or cause to be damaged a dwelling or its contents, whether occupied or not, the property of VALERIE MARIE SPINALE or JOEL ALBERT POWERS or JUSTIN JAMES .POWERS, located at 13130 Hanley Drive in Spring Hill, Florida, and during the course of the commission of the .offense, KRAIG ALAN SCHOONOVER actually possessed and discharged a “destructive device” as that term is defined in s. 790.001 in violation of Florida Statute 806.01(l)(a), 775.087(2)(a)(l) ' and 775.087(2)(a)(2)[.]
The jury found Schoonover guilty as charged, making special findings on both counts that he possessed and discharged a destructive device. Schoonover was sentenced on Count I as a Prison Releasee Reoffender (“PRR”) to a mandatory sentence of thirty years in prison. On Count II, the court sentenced Schoonover under the 10-20-Life statute to a mandatory minimum term of twenty years. It ran the sentence in Count II consecutive to the Count I sentence pursuant to Mobley v. State, 983 So.2d 630 (Fla. 5th DCA 2008).
For the first time on appeal, Schoonover challenges his convictions on double jeopardy grounds. See Estremera v. State, 89 So.3d 291, 292 (Fla. 5th DCA 2012) (“double jeopardy ... claims raise questions of fundamental error that can be raised for the first time on direct appeal”). Instead of relying on a statutory basis for double jeopardy, Schoonover, in his pro se brief, relies on case law holding that when the primary offense'is reclassified or enhanced by use of a firearm, a conviction for the additional charge of using a firearm during the commission of a felony violates double jeopardy. See, e.g., Cleveland v. State, 587 So.2d 1145, 1146 (Fla.1991) (robbery enhanced under robbery statute precluded conviction for use of firearm' while committing felony); Law v. State, 824 So.2d 1055, 1058 (Fla. 5th DCA 2002). (carjacking and burglary convictions enhanced and reclassified under section 775.087(2) precluded additional conviction for possession of firearm in commission of a felony); Boschen v. State, 647 So.2d 1054, 1055 (Fla. 5th DCA *996 1994) (trafficking in cannabis enhanced under section 775.087(2)(a) for possession of a firearm precluded conviction for possession of machine gun).
In Gross v. State, 138 So.3d 590 (Fla. 5th DCA 2014), this court relied on similar cases involving firearm enhancements to vacate a conviction for possession and discharge of a destructive device where the defendant’s conviction for attempted second-degree murder was “reclassified” based on his possession of a destructive device. M at 591. In effect, Gross found a double jeopardy violation precluded a conviction for discharging a destructive device because discharging a destructive device was used to impose a mandatory minimum sentence on the attempted murder charge . under section 775.087(2)(a)2. Gross’s holding is consistent with other cases finding double jeopardy violations based on “enhancement” (by imposition of a mandatory minimum sentence) under section 775.087(2) rather than “reclassification” (and increased sentence) uhdér section 775.087(1). See Law, 824 So.2d at 1058; Boschen, 647 So.2d at 1055. Furthermore the application of these firearm cases to a. destructive device case is not surprising given that the section 775.087(2)(a) mandatory minimum provisions apply to possession or use of a “firearm” or.. “destructive device.” § 775.087(2)(a), Fla. Stat. (2013).
The only distinction in applying the. firearm cases to a destructive device case is that the first-degree felony of discharging a destructive device requires the element of property damage, which may or may not be present in" the enhanced crime. This distinction was not an issue in Gross because the defendant was charged with second-degree diseharge-of a destructive device, not first-degree discharge of a destructive device causing property damage. 138 So.3d at 591 n. 1. In the instant case, the charged crimes both’ contain a property damage-element, although'discharging a destructive-device requires “property damage” while arson requires damage to a “dwelling” or “its contents.” Despite this semantic difference, we conclude that the principles applied in Gross, Cleveland, and similar cases preclude the conviction for discharge of a destructive device in this case because the enhancement to the arson charge for discharging a destructive device resulted in that charge having the same elements and requiring the same proof as the destructive device charge.
Having concluded that a double jeopardy violation exists, the-ordinary remedy would be to set aside the “lesser” or subsumed offense — in this case the destructive device charge — but because Schoon-over received the longer sentence on that count, imposing the ordinary remedy would result in an unwarranted windfall to Schoonover. See Gracia v. State, 98 So.3d 1243, 1244-45 (Fla. 3d DCA 2012) (setting aside “more serious” second-degree felony to effect legislature’s intent to punish firearm conduct with a substantial sentence); see also Ellison v. State, 538 So.2d 90, 91 (Fla. 5th DCA 1989) (holding that defendant could be convicted and sentenced for either aggravated assault with a firearm or use or display of a firearm in the commission of a felony, but not both).- - Accordingly, we reverse the arson conviction (with its lesser sentence), and affirm the destructive device conviction, leaving intact Schoonover’s thirty-year PRR sentence. In all other respects, we affirm.
AFFIRMED IN PART and REVERSED IN PART.
SAWAYA and PALMER, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).