WALLIS, J.
Richard Holubek (“Holubek”) appeals a final judgment and sentences after he entered an open plea to the court for conduct arising from his posting of a Craigslist ad soliciting sexual conduct. On appeal, Ho-lubek argues his motion to dismiss for entrapment was improperly denied, his charges and sentences violate double jeopardy, and his motion to withdraw his plea was improperly denied. We find no merit to Holubek’s first and third arguments. His second argument, raised for the first time 'on appeal, is that his conviction in Count 1 under section 934.215, Florida Statutes (2013), violates double jeopardy because the elements are subsumed into either Count 2 under section 847.0135(3)(b), Florida Statutes (2013), or Count 3 under section 847.0135(4)(a), Florida Statutes (2013). We agree and therefore reverse and remand for the trial court to vacate Holubek’s conviction on Count 1.
Holubek posted an advertisement on Craigslist, which police responded to in March 2013. Between the evening of March 14, 2013, and early morning hours of March 15, 2013, an undercover detective, pretending to be a minor’s parent, responded and arranged a sexual encounter with a minor. Holubek spoke on the phone with another undercover officer who Holubek believed to be the minor. During the telephone conversation, Holubek discussed sex acts he would perform with the minor. After traveling to meet the minor, Holubek was arrested and charged with three counts: Count 1, unlawful use of a two-way communications device under section 934.215; Count 2, use of a computer to solicit a parent of a child under section 847.0135(3)(b); and Count 3, traveling to meet a minor after soliciting the minor *1116 under section 847.0135(4)(a). Holubek entered an open plea, which was not part of a plea bargain, to the court on all three counts and reserved the right to appeal the denial of his motion to dismiss. At the plea colloquy, he waived his right to appeal but did not expressly waive his right to appeal a double jeopardy violation.
A double jeopardy violation can be raised for the first time on appeal because it constitutes fundamental error. Gross v. State, 138 So.3d 590, 591 (Fla. 5th DCA 2014). However, the entry of a plea and subsequent adjudication of guilt ordinarily precludes an attack premised on a violation of double jeopardy. United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). An exception to the general rule exists where the defendant can demonstrate: “(a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.” Novaton v. State, 634 So.2d 607, 609 (Fla.1994). Holubek meets the first prong because his plea was a general plea to the court and did not involve a plea bargain. See Godfrey v. State, 947 So.2d 565, 567 (Fla. 1st DCA 2006); see also Brown v. State, 1 So.3d 1231, 1232 (Fla. 2d DCA 2009) (noting that the exception applies to an open plea).
Second, Holubek argues that a double jeopardy violation is apparent from the record because Count 1 under section 934.215 is subsumed within both Count 2 under section 847.1035(3)(b) and Count 3 under section 847.0135(4)(a). We agree. Very recently, this court held that convictions arising out of the same criminal episode for traveling to meet a minor under section 847.0135(4)(a), Florida Statutes (2013), and unlawful use of a two-way com-njunications device under section 934.215, Florida Statutes (2013), violate double jeopardy. Holt v. State, No. 5D14-3269, 173 So.3d 1079, 2015 WL 4768997 (Fla. 5th DCA Aug. 14, 2015). Furthermore, our sister courts have recently determined that, when the charged conduct arises out of. the same criminal episode, a charge for unlawful use of a two-way communications device under section 934.215 is subsumed within a charge of solicitation under section 847.0135(3) and subsumed within a charge of travelling to meet a minor after solicitation under section 847.0135(4). Hamilton v. State, 163 So.3d 1277, 1279 (Fla. 1st DCA 2015) (holding “that the offense of unlawful use of a two-way communications device does not contain any elements that are distinct from the offense of traveling to meet a minor”); Mizner v. State, 154 So.3d 391, 399 (Fla. 2d DCA 2014) (holding that, for conduct arising out of the same criminal episode, the elements for “the offense of unlawful use of a two-way communications device .'.. [are] subsumed within the soliciting and traveling offenses). Consistent with our recent opinion in Holt and the first and second districts’ reasoning in Hamilton and Mizner, we hold that Holubek’s conviction for Count 1 violates the prohibition against double jeopardy.
Finally, Holubek did not specifically waive his right to appeal a double jeopardy violation by generally waiving his right to appeal at the plea colloquy. The fourth district held that an open plea “does not amount to a waiver of the right to appeal where there is no express waiver of the right to appeal a possible double jeopardy violation.” Latos v. State, 39 So.3d 511, 515 (Fla. 4th DCA 2010) (citing Labovick v. State, 958 So.2d 1065, 1067 (Fla. 4th DCA 2007)); see also Godfrey v. State, 947 So.2d 565, 567 (Fla. 1st DCA 2006) (“Because appellant in the instant case entered a non-bargained for, ‘straight up’ plea, *1117 without expressly waiving his right .to a later appeal premised on a double jeopardy issue, his plea did not amount to a waiver.” (citations omitted)). During the plea colloquy, although the trial court told Holubek that by entering an open plea he was giving up his right to appeal all matters except his motion to dismiss and an illegal sentence, Holubek did not expressly waive his right to appeal a double jeopardy, violation.
Because Holubek entered a general plea, the double jeopardy violation is apparent from the record, and Holubek did not expressly waive his right to appeal a double jeopardy violation, he may raise the issue on appeal. Since we hold that Holu-bek’s sentence for unlawful use of a two-way communications device violates principles of double jeopardy, we reverse and remand for the lower court to vacate Holu-bek’s conviction and sentence for Count 1 under section 934.215. Holubek’s convictions for Counts 2 and 3 are affirmed. A review of the record on appeal does not indicate whether vacating Count 1 will have a material effect on sentencing for the remaining counts. We thereby instruct the trial court to resentence Appellant in accordance with a corrected score-sheet on remand.
AFFIRMED in part; REVERSED in part; and REMANDED with INSTRUCTIONS.
LAMBERT and EDWARDS, JJ., concur.