EDWARDS, J.
Jordan Wagner (“Appellant”) raises two issues that merit discussion. First, he argues that his dual convictions for computer solicitation of a child or another person believed to be a child and unlawful use of a two-way communications device to facilitate the commission of a felony violate double jeopardy. Second, Appellant claims that the trial court erred by denying his motion to withdraw his open guilty plea to those charges and to additional charges of transmission of child pornography and materials harmful to a minor. We find the dual convictions in* this case violated double jeopardy and reverse as to that issue. We find no error in the trial court’s denial of Appellant’s motion to withdraw his guilty pleas, and affirm as to that and all other issues raised.
DOUBLE JEOPARDY ISSUE
Appellant, an adult, engaged in sexual discussions and exchanged nude photographs with a fourteen-year-old girl via the “Kik” messenger application on his cell phone. Appellant pretended to be a fifteen-year-old boy. He resumed communicating with the victim one day after being released on bond from his arrest on child pornography charges. The police were notified and assumed the identity of the child. The communications continued for several days and culminated in Appellant inviting the “child” to use the swimming pool in his apartment complex.
As to the dual convictions, Appellant correctly contends that under the facts and crimes charged in this case, the elements of computer solicitation of a child or another person believed to be a child wholly subsume the elements of unlawful use of a two-way communication device to facilitate the commission of a crime. Thus, conviction of both offenses constitutes a violation of the proscription against double jeopardy. See Holubek v. State, 173 So.3d 1114 (Fla. 5th DCA 2015) and Holt v. State, 173 So.3d 1079 (Fla. 5th DCA 2015).
The State contends that Appellant waived this double jeopardy argument because he pleaded guilty to all charges. “The general rule is that a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence.” Novaton v. State, 634 So.2d 607, 609 (Fla.1994) (citing United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). *697 However, “[t]here is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.” Id. In other words, “if [the] defendant enters into a general plea of guilty or no contest to the criminal charges, but leaves sentencing up to the court, then there is no waiver of the double jeopardy violation.” Grene v. State, 702 So.2d 510, 511 (Fla. 3d DCA 1996). Here, Appellant entered an open guilty plea, which provided the trial court with absolute discretion to determine Appellant’s appropriate sentence. As there was no plea agreement between Appellant and the State, and no express waiver of the right to appeal a double jeopardy violation, Appellant is entitled to raise this issue on appeal. Holubek, 173 So.3d at 1116. We reverse the dual convictions and remand to the trial court to vacate one of the dual convictions and resentence Appellant accordingly.
MOTION TO WITHDRAW GUILTY PLEA
Appellant argues that the trial court erred in denying his motion to withdraw his plea as he was misadvised by defense counsel that he would receive concurrent, not consecutive, sentences for the charges. Additionally, Appellant contends that he was under the influence of psychotropic drugs when he entered the open guilty pleas. The trial court properly denied Appellant’s motion because the allegations in the motion are clearly refuted by the sworn statements he made during the plea colloquy, which included the following: (i) Appellant was not under the influence of any drugs; (ii) no promises were made to him by anybody regarding sentencing; (iii) he understood the judge had discretion to sentence him up to 170 years; and (iv) that he was satisfied with the representation provided by his counsel. See Henry v. State, 920 So.2d 1245, 1246 (Fla. 5th DCA 2006); Iacono v. State, 930 So.2d 829, 831 (Fla. 4th DCA 2006). Accordingly, we find no error in the denial of Appellant’s motion to withdraw his guilty pleas and affirm as to that issue. The remaining issues raised by Appellant do not merit discussion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
PALMER and BERGER, JJ., concur.