IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAVID LEON LASHLEY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-277

Opinion filed June 28, 2016.

An appeal from the Circuit Court for Alachua County.
Robert Groeb, Judge.

Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      David Leon Lashley, Appellant, was convicted by a jury of improper use of a computer service to solicit a minor contrary to section 847.0135(3)(a), Florida Statutes (2011); unlawful use of a two-way communications device to further the

commission of a felony contrary to section 934.215; traveling to meet a person believed to be a minor after using a computer device capable of electronic data storage to solicit unlawful sexual conduct contrary to section 847.0135(4)(a); and failure to appear, contrary to section 843.15(1)(a). Appellant challenges his convictions for solicitation, unlawful use of a two-way communications device, and traveling after solicitation. For the reasons that follow, we affirm Appellant's conviction for traveling after solicitation, reverse his convictions for improper use of a computer to solicit and unlawful use of a two-way communications device, and remand for resentencing based upon a corrected criminal punishment code scoresheet.

In State v. Shelley, 176 So. 3d 914, 919 (Fla. 2015), the Florida Supreme Court held that double jeopardy principles prohibit separate convictions for solicitation under section 847.0135(3)(b), Florida Statutes (2011), and traveling to meet a minor after solicitation pursuant to section 847.0135(4)(b) if the charges were based on the same conduct. The State properly concedes that the reasoning in Shelley applies to this case, even though this case involves violations of sections 847.0135(3)(a) and (4)(a). Accordingly, we reverse and remand to the trial court with directions to vacate Appellant's conviction and sentence for the lesser included offense of using a computer service to solicit a child to engage in sexual conduct in violation of section 847.0135(3)(a).

2

Appellant also contends that if either his conviction for solicitation or traveling after solicitation withstands our review, then his conviction for unlawful use of a two-way communications device should be vacated to prevent a violation of double jeopardy. We affirm Appellant's conviction for traveling to meet a person believed to be a child after using a computer device capable of electronic data storage to solicit unlawful sexual conduct, but agree with Appellant that his conviction for unlawful use of a two-way communications device must be vacated pursuant to our decision in Hamilton v. State, 163 So. 3d 1277, 1279 (Fla. 1st DCA 2015) (holding that convictions arising out of the same criminal episode for traveling to meet a minor under section 847.0135(4), Florida Statutes (2013), and unlawful use of a two-way communications device under section 934.215, Florida Statutes (2013), violate double jeopardy). See also Holt v. State, 173 So. 3d 1079 (Fla. 5th DCA 2015).

AFFIRMED in part, REVERSED in part, and REMANDED.

RAY, BILBREY, and JAY, JJ., CONCUR.