IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANTHONY S. ASSANTI, JR.,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1410

Opinion filed August 10, 2017.

An appeal from the Circuit Court for Alachua County.
Peter K. Sieg, Judge.

Gilbert A. Schaffnit of The Law Offices of Gilbert A. Schaffnit, Gainesville, for
Appellant.

Pamela Jo Bondi, Attorney General; Trisha Meggs Pate and Donna A. Gerace,
Assistant Attorneys General, Tallahassee, for Appellee.


ROBERTS, J.

     In case 2012-CF-430, the appellant, Anthony Assanti, was charged with one

count of traveling to meet a minor to engage in sexual conduct, contrary to section

847.0135(4)(a), Florida Statutes (2012) (Count I), and one count of solicitation of a

child for unlawful sexual conduct after using computer services, contrary to section

847.0135(3)(a), Florida Statutes (2012) (Count II). Count I was alleged to have occurred "from, on or between January 30, 2012 through, on or about January 31, 2012." Count II was alleged to have occurred "from, on or between January 23, 2012 through, on, or about January 30, 2012." In case 2012-CF-462, Assanti was charged with one count of improper use of computer services to solicit a child, contrary to section 847.0135(3), Florida Statutes (2012). The two cases were consolidated for jury trial, and Assanti was convicted as charged.

On appeal, Assanti raises four issues. We affirm the first three issues without further comment, which means we affirm his conviction and sentence in case 2012-CF-462. In his fourth issue, Assanti argues his conviction for solicitation of a child for unlawful sexual conduct after using computer services should be vacated because it violates his constitutional rights against double jeopardy. Because Assanti's convictions for solicitation and travel did not arise from the same criminal episode, we also affirm his convictions and sentence in case 2012-CF-430.

On January 23, 2012, Assanti created an advertisement on an Internet dating site that was answered by an undercover officer posing as a fourteen-year-old girl named "Ashley." The officer asked Assanti if fourteen was too young for him, to which Assanti did not directly answer, but responded the following day with a sexually explicit message.[1] The two communicated via email throughout the next

---

[1] A transcript of the all of the emails was admitted into evidence.

two days in which Assanti suggested meeting, so that he could give "Ashley" a "lesson." On January 25, Assanti emailed asking for "Ashley's" phone number to arrange a meeting for their first lesson. There was no response, and on January 27, Assanti emailed again asking for her number and trying to arrange a meeting. "Ashley" responded that she was still interested and asked for details. The email communication then lapsed for two days until Assanti reinitiated contact via email on January 30. Assanti also called "Ashley" several times on January 30. In the renewed exchange on January 30, Assanti offered to buy "Ashley" drinks and teach her a "lesson," discussed oral sex, and arranged a meeting place. Assanti began to travel in the late evening of January 30 and was arrested with condoms in his pocket in the early hours of January 31 at the arranged meeting spot, which was the undercover operation's target house.

Subsequent to Assanti's sentencing, the Florida Supreme Court decided State v. Shelley, 176 So. 3d 914, 918 (Fla. 2015), holding dual convictions for traveling to meet a minor under section 847.0135(4)(b) and unlawful use of computer services to solicit under section 847.0135(3)(b) violated double jeopardy. The reasoning of Shelley equally applies to violations of sections 847.0135(4)(a) and (3)(a). Lashley v. State, 194 So. 3d 1084, 1085 (Fla. 1st DCA 2016). Assanti argues that his conviction for solicitation should be vacated under Shelley. The State argues

3

that <u>Shelley</u> is not controlling in the instant case because the convictions are based on separate and distinct acts. We agree with the State.

On motion for rehearing en banc in <u>Lee v. State</u>, 42 Fla. L. Weekly D1273 (Fla. 1st DCA June 1, 2017), we considered a similar double jeopardy issue. <u>Lee</u> involved charges of traveling to meet a minor to engage in sexual conduct, unlawful use of a two-way communications device to facilitate the commission of a felony, and using a computer to facilitate or solicit the sexual conduct of a child. <u>Id.</u> at D1273. As in the instant case, Lee unsuccessfully moved to dismiss the charges on double jeopardy grounds.[2] <u>Id.</u> Lee's case proceeded to trial, during which the State introduced evidence of an eleven-day span of communication between Lee and the victim, an undercover agent posing as a fourteen-year-old boy. <u>Id.</u> On the twelfth day, Lee asked the victim to meet in person and was arrested when he arrived at the arranged meeting spot. <u>Id.</u> On appeal, Lee argued that the decision in <u>Shelley</u> compelled reversal of his solicitation conviction on double jeopardy grounds.[3] In <u>Lee</u>, the majority opinion first recognized that the burden of proof was on

_____

[2] Assanti's *ore tenus* motion to dismiss on double jeopardy grounds made prior to trial was denied.

[3] Lee also argued for reversal of his conviction for unlawful use of a two-way communications device under <u>Hamilton v. State</u>, 163 So. 3d 1277 (Fla. 1st DCA 2015) (holding dual convictions for traveling and unlawful use of a two-way communications device violate double jeopardy). Assanti was not charged with unlawful use of a two-way commutations device; therefore, this portion of <u>Lee</u> will not be discussed.

Lee. <u>Lee</u>, 42 Fla. L. Weekly at D1274. Similarly here, despite the denial of his motion to dismiss, Assanti has the burden to demonstrate that his convictions violate double jeopardy.

<u>Lee</u> clearly set forth the three-step test for analyzing double jeopardy claims alleging multiple punishments. <u>Id.</u> A negative determination in the first two steps – determination of whether the acts were within the same criminal episode and whether the convictions were predicated on distinct acts – is a necessary precursor to reaching the final step, the same elements test, discussed fully in <u>Shelley</u>. <u>Lee</u>, 42 Fla. L. Weekly at D1274-75. The first two steps require the reviewing court to examine the entire record, including all evidence admitted at trial, whereas the reviewing court's analysis under the third step is limited to examining the elements of the statute "without regard to the accusatory pleading or proof adduced at trial." <u>Id.</u> at D1275. After clearly distilling the double jeopardy analysis down to its essential parts, <u>Lee</u> recognized that the holding in <u>Shelley</u> that has since been relied upon by numerous defendants seeking double jeopardy relief, is that "'dual convictions for solicitation and traveling after solicitation' violate double jeopardy *when they are 'based on the same conduct*.'" <u>Id.</u> (emphasis added). Therefore, the majority recognized that <u>Shelley</u> was limited to cases where the defendant is convicted of both solicitation and traveling after solicitation based on a single act.

Because the record supported numerous underlying acts of solicitation to support Lee's three convictions, his convictions were affirmed. Id. at D1278-79.

Much like Lee, the record here supports numerous acts of solicitation to support the Assanti's two convictions. Here, the solicitation was charged in a date range from January 23 to 30. The traveling was charged only on January 30 and into the early hours of January 31. There were multiple breaks in the communication chain between January 23 and 30. Particularly, there was a two-day break where there was no communication at all. The State presented evidence of multiple acts of solicitation occurring within the date range, both before and after the two-day break in communication. The breaks of hours and days between the communications afforded Assanti an opportunity to pause, reflect, and form a new criminal intent. Id. at D1277. The information here charged the two offenses on different dates, and the evidence supports the State's contention that the two charges were not based on the same conduct. The evidence supporting the solicitation charge in Count II was not the same as the evidence supporting the underlying solicitation for the traveling charge in Count I. Under the rationale in Lee, we find the two convictions are not based on the same conduct to make this a Shelley-type case. As such, we find no violation of double jeopardy. We affirm Assanti's judgment and sentence in all respects.

AFFIRMED.

6

WETHERELL, J., CONCURS; BILBREY, J., CONCURS IN RESULT WITH OPINION.

BILBREY, J., concurs in result.

If not bound by Lee v. State, 42 Fla. L. Weekly D1273 (Fla. 1st DCA June 1, 2017) (en banc), I would respectfully adhere to my dissent and Judge Makar's dissent in Lee and would find a double jeopardy violation here.[4] I would submit that the burden of proof when double jeopardy is properly raised in the trial court should be on the State. I would also respectfully submit that we should look to the allegations in the information where, as here, the proof at trial was not clear that the acts forming the basis of the charges were distinct. Traveling to meet a minor to engage in sexual conduct in violation of section 847.0135(4)(a), Florida Statutes, and solicitation of a child for unlawful sexual conduct after using computer services in violation of 847.0135(3)(a), are "the same for purposes of the Blockburger same-elements test." State v. Shelley, 176 So. 3d 914, 919 (Fla. 2015). Because of how the case was charged, and without a special verdict form, we do not know that the jury did not use the same act of solicitation to convict the Appellant for violating section 847.0135(3)(a) and to satisfy the solicitation element under section 847.0135(4)(a). However, I am now bound by the en banc majority's decision in Lee. See Sturdivant v. State, 84 So. 3d 1044 (Fla. 1st DCA 2010), *rev'd on other*

---

[4] The double jeopardy issue concerns only case 2012-CF-430. The conviction in case 2012-CF-462 was not challenged on appeal based on double jeopardy grounds.

*grounds*, 94 So. 3d 434 (Fla. 2012).  I therefore concur in the majority opinion to affirm on all grounds including the claimed double jeopardy violation.