IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DANNY PASICOLAN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2634

_____/

Opinion filed August 14, 2017.

An appeal from the Circuit Court for Clay County.
John H. Skinner, Judge.

Andy Thomas, Public Defender, and Courtenay H. Miller, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; Michael L. Schaub and Lauren Gonzalez, Assistant Attorneys General, Tallahassee, for Appellee.

ROBERTS, J.

      Following a jury trial, the appellant, Danny Pasicolan, was convicted of one count of traveling to meet a minor to do unlawful acts after using a computer online service, contrary to section 847.0135(4)(a), Florida Statutes (2013) (Count I); one count of unlawful use of a two-way communications device, contrary to section

934.215, Florida Statutes (2013) (Count II); one count of transmission of material harmful to minors, contrary to section 847.0138(2), Florida Statutes (2013) (Count III); and one count of unlawful use of computer services to solicit a child to engage in sexual conduct, contrary to section 847.0135(3)(a), Florida Statutes (2013) (Count IV). The information alleged that each of these offenses occurred on October 10, 2013. Subsequent to trial, the appellant timely appealed his convictions and raises three issues on appeal. We affirm the first two issues without further comment.

In his third issue, the appellant argues that two of his convictions violate his constitutional rights against double jeopardy. Specifically, he argues that use of computer services to solicit a minor (Count IV) is subsumed by traveling to meet a minor (Count I) and that unlawful use of a two-way communications device (Count II) is subsumed by each of the other three counts. We disagree and affirm.

On October 10, 2013, the appellant responded to an advertisement on an Internet dating site that was posted by an undercover officer posing as a thirteen-year-old girl. After learning she was thirteen, beginning around 4:30 p.m., the appellant emailed asking if she was a virgin and if she wanted to "lose it." He then emailed pornographic images of his genitals. At around 5:24 p.m., the appellant emailed for a picture and asked if he could come over. By this time, the undercover officer had given the appellant a phone number, and the appellant texted around 5:36 p.m., again requesting pictures. After several failed phone call attempts, at around

2

6:34 p.m., the appellant called again and again offered to come over. After a brief conversation, the undercover officer ended the call, and the appellant called back immediately around 6:39 p.m. During the ensuing conversation, the appellant asked the undercover officer if she had any sex toys, discussed oral sex, and discussed wearing protection during sexual intercourse. The undercover officer ended the call and the appellant called back at 7:00 p.m. and offered to meet at a gas station. The appellant let the officer know what color shirt he would be wearing and what vehicle he would be driving so she could identify him. Later that day, the appellant arrived at the agreed upon rendezvous point, but in a different vehicle and different clothing from what he had told the officer to expect. The officers waiting for the appellant exercised their due diligence and declined to reveal themselves and effect an arrest.

Later that evening, the appellant and the undercover officer reestablished contact via text messaging, wherein the appellant made several offers to meet up again that night or the following day. He asked for more pictures. The appellant was arrested five days later.

Subsequent to the appellant's sentencing, the Florida Supreme Court decided State v. Shelley, 176 So. 3d 914, 918 (Fla. 2015), holding dual convictions for traveling to meet a minor under section 847.0135(4)(b) and unlawful use of computer services to solicit under section 847.0135(3)(b) violate double jeopardy. In addition, in Hamilton v. State, 163 So. 3d 1277 (Fla. 1st DCA 2015), this Court

held dual convictions for traveling to meet a minor under section 847.0135(4) and unlawful use of a two-way communications device under section 934.215 violate double jeopardy. On motion for rehearing en banc in Lee v. State, 42 Fla. L. Weekly D1273 (Fla. 1st DCA June 1, 2017), this Court recognized that the holdings in Shelley and Hamilton were limited to dual convictions based on the same conduct. The Lee majority applied a three-step double jeopardy analysis and concluded that Lee's convictions for traveling after solicitation, unlawful use of two-way communications device, and soliciting a minor occurred during separate criminal episodes and involved distinct acts of solicitation; therefore, they did not violate double jeopardy. Id. at D1277-79.

In the instant case, the evidence at trial showed that on October 10, the appellant responded to an internet advertisement and engaged in sexually explicit email and phone conversations with the "minor" during which he arranged to meet the minor for sex. That same day, the appellant traveled to the arranged meeting spot, a gas station, but was not arrested at that time. At this point in the chronology, the State had presented evidence of at least two instances of solicitation, via email and phone, which support the solicitation charge and the underlying solicitation needed for the traveling charge. We consider the temporal breaks in the chain of communication coupled with the evidence that the appellant transitioned from emailing to a phone call in concluding that, despite the fact that all the

4

communication occurred within a period of hours on October 10, the traveling conviction and the solicitation conviction did not arise out of the same conduct to trigger a violation of double jeopardy. Id. at D1277-78. The State had also presented evidence to support the charge of transmission of material harmful to minors by this time in the chronology.

However, the appellant did not stop. After the meeting was unsuccessful, he and the undercover officer began texting again in the evening of October 10. The appellant made arrangements to again meet up, but backed out of the meeting the following day. While the appellant's case was entirely based on the events occurring on October 10, the evidence at trial showed that the traveling was completed and a break occurred before the second set of texting with the victim occurred. That subsequent text message conversation, during which he arranged another meeting, formed the basis for the unlawful use of a two-way device conviction.

Under the rationale in Lee, we find the appellant's convictions are not based on the same conduct to make this a Shelley-type case. As such, we find no violation of double jeopardy. We affirm the appellant's judgment and sentence in all respects.

AFFIRMED.

RAY and KELSEY, JJ., CONCUR.

5