NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SHANNON WRIGHT,⁣   )
  )
        Appellant,⁣   )
  )
v.⁣   )⁣   Case No. 2D18-1164
  )
STATE OF FLORIDA,⁣   )
  )
        Appellee.⁣   )
_____ )

Opinion filed April 10, 2019.

Appeal from the Circuit Court for Polk
County; Mark Carpanini, Judge.

Howard L. Dimmig, II, Public Defender, and
Robert D. Rosen, Assistant Public Defender,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Donna S. Koch, Assistant
Attorney General, Tampa, for Appellee.


VILLANTI, Judge.


Shannon Wright's sole argument on appeal is that his double jeopardy

rights were violated when he was convicted of both the unlawful use of a two-way

communications device under section 934.215, Florida Statutes (2017), and using a

computer to seduce, solicit, lure, or entice a child under section 847.0135(3)(a), Florida

Statutes (2017), and that this violation constituted fundamental error. Because the legal argument is correct, we reverse Wright's conviction for the unlawful use of a two-way communications device and remand for the trial court to enter an amended judgment and resentence Wright accordingly.

The underlying charges occurred after Wright, a previously designated sex offender, sent a lewd text message to his minor stepdaughter. Thereafter, he was charged with unlawful use of a two-way communications device and use of a computer to solicit a child. He was also charged with two counts of failure to register in another case.

At a plea hearing, the State informed the court that it would be dropping one of the failure to register charges. The following exchange then occurred:

> THE COURT: Okay. And is—now this is not going to be pursuant to a plea agreement or is it?
>
> DEFENSE: No.
>
> STATE: No, Sir.
>
> DEFENSE: No, it is not.
>
> THE COURT: It's just going to be an open plea?
>
> DEFENSE: Correct.
>
> THE COURT: But, the State is going to have to file an amended information, I guess.
>
> STATE: We're just going to orally nolle prose [sic] the case, Judge. One of the cases—we can do that as soon as he—as soon as we agree to the uh—to plea.
>
> THE COURT: Okay. And the bot—and—and—of course the bottom of the guidelines is what?
>
> STATE: It will be 55.95 months.

THE COURT: Do you understand that's the bottom of the guidelines?  What's his maximum exposure?  Even with the dropping of the cases.

STATE: Oh—to 20 years.

THE COURT: 20 years.  Do you understand that?

THE DEFENDANT: Yes, Sir.

THE COURT: That's what you want to do?

THE DEFENDANT: Yes, Sir.

Wright entered a no contest plea to all charges and the trial court sentenced him to consecutive five-year prison terms for the convictions for unlawful use of a two-way communications device and using a computer to solicit a child, as well as a consecutive five-year term of sex offender probation for one failure to register conviction.  The State subsequently nolle prossed the remaining failure to register charge.

We review a double jeopardy violation based on undisputed facts under a de novo standard.  See Latos v. State, 39 So. 3d 511, 513 (Fla. 4th DCA 2010) (quoting Finkley v. State, 16 So. 3d 329, 329 (Fla. 4th DCA 2009)).  "A double jeopardy violation can be raised for the first time on appeal because it constitutes fundamental error." Holubek v. State, 173 So. 3d 1114, 1116 (Fla. 5th DCA 2015) (citing Gross v. State, 138 So. 3d 590, 591 (Fla. 5th DCA 2014)).

Typically, the entry of a guilty plea "precludes an attack premised on a violation of double jeopardy." Id. (citing United States v. Broce, 488 U.S. 563, 569 (1989)).  However, the Florida Supreme Court explained that there is an exception to the general rule when a defendant can demonstrate: "(a) the plea is a general plea as

- 3 -

distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation." Id. (quoting Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994)). All three prongs must be present and apparent on the face of the record for the exception to apply.

"A general plea is one where no agreement exists as to the sentence the defendant will receive; '[a]n agreement to a specific sentence or a specific sentencing benefit is a key element distinguishing a bargained plea agreement from a general one.' " Latos, 39 So. 3d at 513 (alteration in original) (quoting Williamson v. State, 859 So. 2d 553, 554 (Fla. 1st DCA 2003)). In Latos, for example, the State argued that although the defendant's plea might technically be considered an open plea, it was actually a bargained-for agreement because the plea was based on "off-the-record" negotiations for substantial assistance. Id. at 513-14. The Fourth District Court of Appeal disagreed, noting that it was clear from the record that Latos' plea was an open plea since the trial judge confirmed Latos understood there was "no specific agreed upon sentence." Id. at 514. See also Marsh v. State, 253 So. 3d 674, 676 (Fla. 2d DCA 2018) (noting that the defendant did not waive his double jeopardy challenge by entering a no contest, open plea because there was no plea bargain). It is thus well-settled that an open plea, without a specific agreement as to sentencing, does not amount to a plea bargain.

With regard to the first prong of Novaton, the State's only argument on appeal is the same argument that was made in Latos—that Wright's open plea was in fact a plea bargain because the State indicated it would nolle pros one of the failure to

register charges after Wright entered his plea.  The exchange during the plea colloquy, however, clearly demonstrates there was no specific agreement as to Wright's sentence.  At the beginning of the exchange, the trial judge astutely asked if the plea was pursuant to a plea agreement, which both the State and the defense confirmed that it was not.  The judge further asked Wright whether he understood that the maximum penalty he faced was twenty years in prison, which Wright confirmed.  Because there was no specific plea agreement, the judge had complete discretion to sentence Wright anywhere between the minimum sentence on his Criminal Punishment Code scoresheet and the statutory maximum.  The fact that the State ultimately decided to nolle pros a charge in a separate case after Wright entered his plea could not transform Wright's open plea into a plea bargain in this case.

Regarding the second prong of Novaton, it is apparent from the record that the two charges constituted a double jeopardy violation.  "[W]hen the charged conduct arises out of the same criminal episode, a charge for unlawful use of a two-way communications device under section 934.215 is subsumed within a charge of solicitation under section 847.0135(3) . . . ."  Holubek, 173 So. 3d at 1116 (citing Hamilton v. State, 163 So. 3d 1277, 1279 (Fla. 1st DCA 2015); Mizner v. State, 154 So. 3d 391, 399 (Fla. 2d DCA 2014)).  Because both offenses arose out of the same criminal episode, Wright's conviction for the unlawful use of a two-way communications device violates the prohibition against double jeopardy.

Finally, concerning the third prong of Novaton, "[w]here a defendant enters an open, unbargained-for plea to the court for multiple counts, such plea does not amount to a waiver of the right to appeal where there is no express waiver of the right to

- 5 -

appeal a possible double jeopardy violation." Latos, 39 So. 3d at 514-15 (citing Labovick v. State, 958 So. 2d 1065, 1068 (Fla. 4th DCA 2007)). Thus, Wright's nonspecific, general waiver of his right to appeal during the plea colloquy did not waive his right to appeal the double jeopardy violation.

Since the conviction for unlawful use of a two-way communications device was subsumed within the conviction for use of a computer to solicit a child, we reverse and remand for the trial court to vacate the conviction and sentence for unlawful use of a two-way communications device. Wright's remaining convictions are affirmed. Because the record does not indicate whether vacating this conviction will have a material effect on sentencing for the remaining convictions, on remand, the trial court should resentence Wright in accordance with a corrected scoresheet. See Holubek, 173 So. 3d at 1117.

Affirmed in part, reversed in part, and remanded.


KHOUZAM and ROTHSTEIN-YOUAKIM, JJ., Concur.