PALMER, J.
 

 Richard Lamerton (defendant) appeals his convictions and sentences entered by the trial court on one count of use of a child in a sexual performance and five counts of possession of child pornography. Finding no reversible error with regard to his convictions, we affirm them. However, remand is necessary for entry of a new probation order.
 

 The defendant’s probation order included a condition that he have no contact with anyone under age 18 (condition 26). This condition is improperly broad.
 
 See Rowles v. State,
 
 682 So.2d 1184 (Fla. 5th DCA 1996) (holding condition prohibiting contact with females under 16, without parent present, improperly broad).
 
 [1]
 

 Accordingly, we reverse the instant probation order and remand for the trial court to enter a new probation order.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 ORFINGER, C.J., and EVANDER, J„ concur.
 

 [1]
 

 . While this appeal was pending, the defendant raised this argument in a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(b)(2). During a hearing on the motion, the trial court verbally agreed with this argument. However, the court did not enter a new probation order, due to counsels’ assurance that an order was not necessary. Entry of a new probation order would have obviated the need for our remand.