IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BRANDON STAPLER,

      Appellant,

v.                                        Case No.  5D13-4384

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 8, 2016

Appeal from the Circuit Court
for St. Johns County,
J. Michael Traynor, Judge.

James S. Purdy, Public Defender, and
Susan A. Fagan, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.

ON MOTION FOR REHEARING

COHEN, J.

Appellant and Appellee have both filed motions for rehearing. We grant Appellant's motion and deny Appellee's and substitute the following for our prior opinion.

Brandon Stapler appeals his dual convictions under sections 847.0135(3)(b) and (4)(b), Florida Statutes (2012)—using a computer to solicit a person believed to be a

parent for sex with a minor ("solicitation"), and traveling after using a computer to solicit a person believed to be a parent for sex with a minor ("traveling"). Stapler claims that a conviction under both sections violates his constitutional protection from double jeopardy.[1] We agree and reverse his conviction for solicitation, finding that it constitutes a lesser offense included in the traveling charge.

---

[1] Section 847.0135(3) states:

> (3)   Any person who knowingly uses <u>a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:</u>
>
>> . . . .
>
> (b)   <u>Solicit, lure, or entice, or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,</u>
>
> <u>commits a felony of</u> the third degree, <u>punishable as provided in s. 775.082, s. 775.083, or s. 775.084.</u> . . .

Id. (emphasis added). Section 847.0135(4) similarly states:

> (4)   Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using <u>a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:</u>
>
>> . . . .
>
> (b)   <u>Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,</u>

Stapler entered a no-contest plea to both charges. Generally, a defendant's plea precludes a later attack on the grounds of double jeopardy except where "(a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation." Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994).

Stapler did not enter a plea bargain, and while he did waive his right to appeal any issues other than the legality of his sentence and the voluntariness of his plea, this Court has previously held that such a waiver does not preclude appeal of a double-jeopardy violation. See Holubeck v. State, 173 So. 3d 1114, 1116-17 (Fla. 5th DCA 2015) (citing Latos v. State, 39 So. 3d 511, 515 (Fla. 4th DCA 2010)). We therefore consider the merits of Stapler's double-jeopardy claim.

The Florida Supreme Court has recently held that convictions under both sections 847.0135(3)(b) and 847.0135(4)(b) for the same conduct violate an offender's double-jeopardy rights. State v. Shelley, 176 So. 3d 914, 919 (Fla. 2015). The Court found that, except for the travel element—which increases the classification under the statute from a third-degree to a second-degree felony—the two subsections contain the same elements, and the legislature did not intend to punish offenders separately for violations of both sections. Id. Thus, the only issue in this case is whether Stapler can be convicted of multiple solicitations despite being charged with single counts of

---

commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Id. (emphasis added). The underlined text is the same in both sections.

solicitation and traveling based on conduct occurring over the same specified period of time.

The State argues that the evidence in this case establishes multiple violations sufficient to justify a conviction under both sections and cites our decision in Pinder v. State, 128 So. 3d 141, 143-44 (Fla. 5th DCA 2013) (finding no violation of an offender's double-jeopardy rights where the offender engaged in a series of conversations over the course of eight days and expressed his desire to engage in sex with the minor on multiple occasions). In Pinder, this Court found that the charging document alleged more than one violation of 3(b) and the "evidence [presented at trial] established multiple offenses." Id. at 142-43. Thus, we affirmed both convictions. Id. at 144.

While we acknowledge that the State can convict a defendant on multiple counts of solicitation where multiple counts are alleged and established,[2] we join the Second District Court of Appeal in declining to deny a double-jeopardy claim "based on uncharged conduct simply because it could have been charged." State v. Shelley, 134 So. 3d 1138, 1141-42 (Fla. 2d DCA 2014). Because Stapler was charged with single counts of solicitation and traveling based on the same conduct, we find that dual convictions under both subsections (3)(b) and (4)(b) violate his double-jeopardy rights. See Agama v. State, 181 So. 3d 571, 571 (Fla. 2d DCA 2015). As charged, the communications between Stapler and the undercover officers constitute only a single criminal episode of solicitation, which was then followed by traveling. We affirm

---

[2] Section 847.0135(3)(b), Florida Statutes, explains that, "Each separate use of a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission wherein an offense described in this section is committed may be charged as a separate offense."

Stapler's conviction under section 847.0135(4)(b) but reverse his conviction under section 847.0135(3)(b) accordingly.

Stapler further argues that the trial court violated his double-jeopardy rights by reimposing certain conditions of probation after the trial court struck them. See Peacock v. State, 167 So. 3d 514, 516 (Fla. 5th DCA 2015) ("The enhancement of probation conditions, absent proof of a violation, is precluded by double jeopardy principles."). At Stapler's initial sentencing, the trial court adjudicated Stapler a sex offender and imposed "sex-offender probation with all the standard conditions" under section 948.30, Florida Statutes (2012). The trial court apparently believed that because Stapler was adjudicated a sex offender, it was required to impose all of the standard sex-offender conditions. Stapler successfully moved under rule 3.800(b) to have the standard sex-offender conditions struck because section 847.0135(3) is not listed among the offenses that require the imposition of all the standard sex-offender conditions under section 948.30(1). The trial court then reimposed several of the sex-offender conditions, finding that the conditions were related to the crime of which Stapler was convicted.

Stapler concedes that this Court has previously held that trial courts are permitted to impose sex-offender conditions as special conditions, even for crimes not listed in section 948.30(1), when the conditions are reasonably related to the convicted offense. See Arias v. State, 65 So. 3d 104, 104-05 (Fla 5th DCA 2011) (citing Biller v. State, 618 So. 2d 734, 734-35 (Fla. 1993)). Given the nature of Stapler's offense, we find there was no error in imposing these several sex-offender conditions. We likewise find that there was no double-jeopardy violation because reimposing some of the previously imposed sex-offender conditions did not constitute an enhancement of the

conditions of Stapler's probation. The trial court's order effectively struck several conditions already imposed and narrowed others to more properly relate to the convicted offense.

Finally, Stapler challenges the conditions of his probation as improperly broad. We have previously held that conditions forbidding contact with minors are overly broad because they subject offenders to possible punishment for innocent or inadvertent conduct. Lamerton v. State, 78 So. 3d 686, 686 (Fla. 5th DCA 2012); Rowles v. State, 682 So. 2d 1184, 1184-85 (Fla. 5th DCA 1996). On remand, the trial court should modify this condition of probation to prohibit only intentional contact with minors without prior court approval.[3]

AFFIRMED in part; REVERSED in part; REMANDED for resentencing.

WALLIS and LAMBERT, JJ., concur.

---

[3] We also remand for resentencing on the traveling conviction because vacating Stapler's conviction for soliciting may affect the sentencing guidelines in his case. Tellier v. State, 754 So. 2d 88, 89 (Fla. 5th DCA 2000). Stapler was originally sentenced to eighty-four months with the Department of Correction for traveling and sixty months for solicitation, to run concurrently, followed by seven years of probation.