IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSE ANGEL PAMBLANCO,

      Appellant,

 v.                                    Case No.  5D16-691

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 2, 2016

3.850 Appeal from the Circuit
Court for Orange County,
Marc L. Lubet, Judge.

Jose Angel Pamblanco, Avon Park, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.

EDWARDS, J.

Jose Pamblanco ("Appellant") appeals the partial denial of his motion seeking postconviction relief.  Though Appellant's motion raised numerous issues, only one issue merits discussion.  Appellant asserts that his convictions and sentences for both (1) traveling to meet a minor for an unlawful sexual act and (2) solicitation of a minor via a

device capable of electronic data storage or transmission violate the prohibition against double jeopardy.

The unlawful solicitation and travel took place over several days in February 2010. Thus, the State could have charged Appellant with multiple counts of solicitation and traveling with regard to the multiple offenses occurring on multiple occasions. However, the information charged Appellant with one count of solicitation and one count of traveling based on the same conduct.

Relying upon *Stapler v. State*, 190 So. 3d 162 (Fla. 5th DCA 2016), decided after the postconviction court's ruling in this case, we find that the dual convictions and sentences violated Appellant's right to be free from double jeopardy. 190 So. 3d at 165. Accordingly, we affirm his conviction under section 847.0135(4)(a), Florida Statutes (2010), but reverse his conviction under section 847.0135(3)(a), Florida Statutes (2010). We remand for resentencing based upon Appellant's recalculated scoresheet. We affirm as to all other issues raised by Appellant.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

SAWAYA and BERGER, JJ., concur.