**DISTRICT COURT OF APPEAL, FIRST DISTRICT**
**2000 Drayton Drive**
**Tallahassee, Florida 32399-0950**
**Telephone No. (850) 488-6151**

**May 25, 2017**

**CASE NO.: 1D14-1382**
L.T. No.: 01-2012-CF-003050-A

MATTHEW JOSEPH DETTLE     v.     STATE OF FLORIDA
_____
Appellant/Petitioner(s),                 Appellee/Respondent(s)

**BY ORDER OF THE COURT:**

Appellant's motion for rehearing or certification, filed January 31, 2016, is denied.

LEWIS and WINSOR, JJ., CONCUR; BILBREY, J. DISSENTS WITH OPINION.


BILBREY, J., dissenting.

I respectfully dissent from the denial of Appellant's motions for rehearing and to certify a question to the Florida Supreme Court as to the issue of double jeopardy. However, I believe Appellant has conflict jurisdiction for Florida Supreme Court review based on our original decision, which conflicts with State v. Shelley, 176 So. 3d 914, 919 (Fla. 2015),[1] as well as numerous cases from other Florida district courts as discussed below.

Appellant challenges his convictions, after jury trial and guilty verdicts, of 1) traveling to meet a person believed to be a child after using a computer or device capable of electronic data storage to solicit unlawful sexual conduct, pursuant to section 847.0135(4)(a), Florida Statutes (2012); 2) use of a computer online service or other device capable of electronic data storage to seduce, solicit, lure, or entice, a person he believed to be a child, under section 847.0135(3)(a), Florida Statues (2012); and 3)

_____

[1] In State v. Shelley, 176 So. 3d 914 (Fla. 2015), the Florida Supreme Court approved the decision of the Second District in Shelley v. State, 134 So. 3d 1138 (Fla. 2d DCA 2014), disapproved our decision in State v. Murphy, 124 So. 3d 323 (Fla. 1st DCA 2013), and thereby overruled any cases where this court found that the Legislature intended separate punishment for the same acts of soliciting a minor and traveling to effectuate the purpose of that solicitation. Murphy was binding on the trial judge when Appellant was sentenced.

1

unlawful use of a two-way communication device (cell phone) to further the commission of a felony, under section 934.215, Florida Statutes (2012). In our original opinion we properly rejected four of the issues raised by Appellant. In the original decision we also rejected — incorrectly I now believe — part of his fifth issue that the multiple convictions of the "same offense" based on the same conduct constitute double jeopardy. Accordingly, I would affirm Appellant's conviction for the greater offense of traveling to meet a person believed to be a child after using a computer or device capable of electronic data storage to solicit unlawful sexual conduct, pursuant to section 847.0135(4)(a), Florida Statutes, and vacate the convictions and sentences for the lesser offenses in both counts II and III.[2]

This case is the result of a strategic ruse by the Alachua County Sheriff's Office where law enforcement personnel placed an advertisement for legal social interaction,[3] to which Appellant responded. Appellant and the officer then engaged in e-mail and text communications. In the third exchange of messages — less than three hours after Appellant's first response — the officer claimed to be a 14-year-old girl, and Appellant clearly believed that he was sending messages to a minor. Appellant continued to communicate with the fictitious minor and he initiated the suggestion of sexual activity on the second day after his initial response to the advertisement.[4]

The content of the ensuing messages over the following two weeks, from July 19 to August 3, 2012, and the fact that Appellant drove over 100 miles on August 3, 2012, to the address provided by the officer as the residence of the supposed 14-year-old, were not in question. What is in question on appeal is the legal issue of whether the convictions for all three offenses as charged in the three-count information withstand constitutional scrutiny under a double jeopardy analysis and current governing case law. "A determination of whether double jeopardy is violated based on undisputed facts is a legal determination; thus, this Court's review is de novo." State v. Drawdy, 136 So. 3d 1209, 1213 (Fla. 2014). Appellant unsuccessfully raised the issue of double jeopardy during the jury instruction conference, at sentencing, and in a postconviction motion raising sentencing error. Even if he had not raised the issue, "a violation of a defendant's substantive double jeopardy rights constitutes fundamental error [which] may be raised for the first time on appeal." Holt v. State, 173 So. 3d 1079, 1081 (Fla. 5th DCA 2015) (considering double jeopardy issue applied to convictions under §§ 847.0135(4) and 934.15, Fla. Stat.).

---

[2] In the initial opinion we vacated the conviction and sentence for count III. That remains unaltered on rehearing.

[3] The advertisement stated, "Tired of bein Bored – w4m – 99 (N FL) Sittin at home, tired of bein bored."

[4] The trial court found that the carefully crafted messages by the officer did not constitute entrapment of Appellant. This was one of the other issues raised on appeal but I agree that there was no error in this ruling under the facts of this case.

Count I of the information alleged that the traveling offense occurred "on or about August 3, 2012." Counts II and III alleged that the computer online solicitation and the use of a two-way communication device to further the commission of a felony took place "from, on, or between July 21, 2012 through, on, or about August 3, 2012." The evidence adduced at trial included multiple communications between Appellant and the Alachua County Sheriff's deputy posing as the minor, several of which were sufficient to prove solicitation of unlawful sexual conduct and use of a two-way communication device to further the commission of a felony. However, there is no way to be certain that Appellant was not convicted in violation of double jeopardy of the same acts he committed on August 3, 2012, when the Appellant traveled after soliciting and unlawfully used a two-way communication device to solicit the purported minor.

As explained by the Florida Supreme Court, "the Constitution prohibits subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense. The constitutional protection against double jeopardy is found in both article I, section 9, of the Florida Constitution and the Fifth Amendment to the United States Constitution." Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009). The U.S. Supreme Court summarized the test to determine whether there are "two offenses or only one" in Blockburger v. United States, 284 U.S. 299 (1932). This "Blockburger test" to determine if multiple convictions and punishments are for "the same offense" or separate offenses is codified in section 775.021(4), Florida Statutes, which provides in part:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
> 1. Offenses which require identical elements of proof.
> 2. Offenses which are degrees of the same offense as provided by statute.
> 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021, Fla. Stat. (2012).

Florida courts have applied the Blockburger test to the offenses described in sections 847.0135(3), 847.0135(4), and 934.215, Florida Statutes, in cases similar to this one — where a defendant engages in electronic and cell phone communications

3

with a law enforcement officer posing as a minor, solicits the supposed minor for unlawful sexual conduct, and travels after the solicitation for the purpose of engaging in the unlawful sexual conduct. The Florida Supreme Court has deemed the offenses set out in sections 847.0135(3) (soliciting a minor) and 847.0135(4) (traveling after soliciting a minor) "the same for purposes of the Blockburger same-elements test codified in section 775.021(4), Florida Statutes." Shelley, 176 So. 3d at 919. Likewise, this court has deemed the violation of sections 847.0135(4) and 934.215 to be the same offenses under the Blockburger test because "'the proof of the unlawful use of a two-way communications device was subsumed within the proof of the soliciting and traveling offenses in this case.'" Hamilton v. State, 163 So. 3d 1277, 1278 (Fla. 1st DCA 2015) (quoting Mizner v. State, 154 So. 3d 391 (Fla. 2d DCA 2014)); see also Batchelor v. State, 193 So. 3d 1054 (Fla. 2d DCA 2016); Holubek v. State, 173 So. 3d 1114 (Fla. 5th DCA 2015).

"However, the prohibition against double jeopardy does *not* prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts." Hayes v. State, 803 So. 2d 695, 700 (Fla. 2001) (armed robbery and subsequent theft under facts in that case were "sufficiently separate in time, place and circumstances . . . to constitute distinct and independent criminal acts."). Courts have looked to the allegations in the charging documents, the provisions of the verdict forms, and the proof adduced at trial to determine if distinct criminal acts to support the dual convictions were proven by the State.

For example, in State v. Meshell, 2 So. 3d 132 (Fla. 2009), dual convictions for lewd and lascivious battery were affirmed where the acts occurred within seconds of each other, but the information alleged different anatomical combinations. As the Florida Supreme Court in Meshell observed, "Florida courts have focused on whether the acts forming the basis of the charges are 'distinct.'" Id. at 134. "Distinct acts" are "acts of a separate character and type requiring different elements of proof." Id. at 135. On the other hand, where "neither the charging information nor the jury verdict form included language clearly predicating the disputed charges on two distinct sex acts," it was "impossible for this court to know if the jury convicted appellant for one act of sexual battery or two distinct acts" when the evidence produced at trial showed overlapping acts. Partch v. State, 43 So. 3d 758, 761-62 (Fla. 1st DCA 2010). Accordingly, in Partch, the "distinct acts exception" to the double jeopardy rule did not apply and the conviction was reversed. Id. at 763. See also Graham v. State, 170 So. 3d 141, 143 (Fla. 1st DCA 2015), *aff'd*, 207 So. 3d 135 (Fla. 2016) (affirming a conviction over a double jeopardy challenge where "the information and the jury verdict demonstrate that the charges were predicated on two distinct acts").

There are times when although the information did not charge two separate acts, the proof at trial was clear that distinct acts were involved and therefore double jeopardy was not implicated.[5] In Fravel v. State, 188 So. 3d 969, 972 (Fla. 4th DCA 2016),

---

[5] It would arguably be simpler to rely solely on the specific acts alleged in the information without regard to what was proven at trial. This appears to be the approach

convictions for two counts of fraudulent use of personal identification were affirmed over a double jeopardy challenge where the evidence at trial showed two different banks and therefore "clearly distinguished between two separate counts." In Nicholson v. State, 757 So. 2d 1227 (Fla. 4th DCA 2000), the convictions for two counts of throwing deadly missile were affirmed over a double jeopardy challenge based on the proof at trial of two bricks thrown into two windows. In Nicholson, "the evidence at trial clearly distinguished between the two separate offenses." Id. at 1228. In Vizcon v. State, 771 So. 2d 3, 6 (Fla. 3d DCA 2000), convictions for 29 counts of money laundering were affirmed over a double jeopardy challenge with a citation to Nicholson's requirement that the evidence at trial clearly distinguish separate offenses to avoid double jeopardy.

Section 847.0135(3) does provide — for multiple solicitations — that "[e]ach separate use of a computer online service, Internet service, . . . wherein an offense described in this section is committed may be charged as a separate offense." Here, the State argues that Appellant could have been charged with multiple counts of solicitation based on at least four completed criminal acts with temporal breaks between them where Appellant requested or offered sexual activity involving the "minor."[6] While the evidence presented at trial could have supported multiple charges, the State charged only one count of solicitation and one count of travel after solicitation. In addition, the amended information charged that the solicitation occurred over a range of dates, including the date charged for the travel. Based on this, it is impossible to know whether the jury "clearly distinguished" between the separate acts or whether they convicted the Appellant for the same offense accruing on August 3, 2012, since the Appellant was not charged with separate acts of solicitation as section 847.0135(3) would allow.

In Mizner, the information charged one count each of soliciting a minor, traveling after solicitation, and unlawful use of two-way communications device; and charged each of the offenses "over the same time period, from November 1, 2011, to November 4, 2011." 154 So. 3d at 400. The Mizner court rejected the State's argument on appeal

taken by other districts. See Honaker v. State, 199 So. 3d 1068 (Fla. 5th DCA 2016); Mizner v. State, 154 So. 3d 391 (Fla. 2d DCA 2014). But such an approach is precluded by our recent case McCarter v. State, 204 So. 3d 529 (Fla. 1st DCA 2016). In McCarter, the proof at trial for the soliciting count consisted of multiple requests via social media for nude pictures of a minor while the solicitation in the traveling after solicitation count consisted of messages via smart phone to arrange in-person meetings with the minor. McCarter could be reconciled with the cases from the other districts by the approach I propose here to avoid conflict.

[6] The issue in my view is not whether what was proven at trial could support multiple charges, but whether we clearly know that the jury convicted the Appellant for separate acts. If he was convicted of the same act of solicitation underlying all three offenses with which he was charged, double jeopardy was violated. See Partch v. State, 43 So. 3d 758 (Fla. 1st DCA 2010); Batchelor v. State, 193 So. 3d 1054 (Fla. 2d DCA 2016); Stapler v. State, 190 So. 3d 162 (Fla. 5th DCA 2016). Without specificity in the information, a verdict form with separate acts listed, or clearly distinct acts proven at trial there is no way to know.

of the multiple convictions that double jeopardy did not apply because the evidence "could support convictions for each offense as occurring during a separate criminal episode." Id. Because the State charged the offenses "as occurring during a single criminal episode," the court in Mizner affirmed the conviction for traveling after solicitation (§ 847.0135(4)), and reversed the convictions for soliciting (§ 847.0135(3)) and unlawful use of two-way communications device (§ 934.215). Id.; see also Holt, 173 So. 3d at 1081 (information charged single counts of unlawful use and traveling, both alleged to have occurred on or about the same day; pursuant to State's charges as single criminal episode, court could not assume offenses were predicated on distinct acts).

Similarly, in Hamilton, convictions for both traveling to meet a minor and unlawful use of a two-way communications device were challenged on double jeopardy grounds. 163 So. 3d at 1278. This court reversed the unlawful use conviction because that offense did not contain any element not subsumed in the traveling count, and because, although the evidence at trial showed unlawful uses of Hamilton's cell phone "over three or four days in May of 2012," the information alleged that each offense occurred "on or about" May 4, 2012. Id. Thus, "the state did not charge the offenses as occurring during separate criminal episodes." Id. at 1279.

The deficiency in the charging document required reversal in Stapler v. State, 190 So. 3d 162 (Fla. 5th DCA 2016), as well. There, dual convictions for soliciting and travel after soliciting were challenged on double jeopardy grounds. Id. at 163-64. Acknowledging that sections 847.0135(3) and 847.0135(4) contain the same elements, "the only issue in this case is whether Stapler can be convicted of multiple solicitations despite being charged with single counts of solicitation and traveling based on conduct occurring over the same specified period of time." Stapler, 190 So. 3d at 164. The State in Stapler argued that the evidence established multiple violations sufficient to justify convictions under both sections, but the court declined "to deny a double-jeopardy claim 'based on uncharged conduct simply because it could have been charged.'" 190 So. 3d at 165 (quoting State v. Shelley, 134 So. 3d 1138, 1141-42 (Fla. 2d DCA 2014)).

Recently, the unlawful use of a computer to solicit conviction was reversed in Batchelor due to the possibility that the additional conviction for traveling after solicitation was based on the same acts. The State had charged that both offenses occurred "on or between June 10, 2013 and June 13, 2010," but the court in Batchelor held that it was "not at liberty to infer" from the record that the State charged the defendant "with two distinct, chargeable offenses, separated in space or time." 194 So. 3d at 1058. Discussing the same argument as the State makes here, the court in Batchelor stated:

> Finally, the State argues that it is not possible to determine whether the defendant's use of his two-way communications device was the same as his use of a computer online service or internet service without looking at the underlying facts of the case. The State is on to something here, but its

6

analysis ignores the allegations of the charging document that it filed against Mr. Batchelor. One can imagine a scenario where convictions for both traveling to meet a minor and the unlawful use of a two-way communications device could be sustained. But such a scenario would require a charging document—unlike the one filed in this case—that distinguished the two acts as occurring separately, and that facts were adduced at trial to prove that the offenses were indeed committed as separate and distinct acts.

Id.

In contrast, where the State charged separate episodes of solicitation, as allowed by section 847.0135(3)(b), and alleged a clear temporal break between the illegal solicitations, convictions under sections 847.0135(3) and 847.0135(4) were affirmed in Barnett v. State, 159 So. 3d 922 (Fla. 5th DCA 2015). See also Hartley v. State, 129 So. 3d 486 (Fla. 4th DCA 2014) (each episode of solicitation charged on separate date; reversing conviction for the solicitation charged on the same day as the travel offense but affirming convictions for solicitations charged on other dates). We have previously noted that double jeopardy might be avoided if, once the State discovers evidence of multiple criminal communications, it timely amends its information to allege separate solicitations other than the solicitation which caused the defendant to travel. Anderson v. State, 190 So. 3d 1120, 1121 (Fla. 1st DCA 2016); see also Meythaler v. State, 175 So. 3d 918, 919 (Fla. 2d DCA 2015).

Harmonizing the recent case law from our court and others, I would submit that double jeopardy can be avoided for potentially overlapping offenses if the information charges distinct acts, if the verdict form separates the distinct acts, or if the proof at trial clearly distinguishes between separate acts such that a defendant could not have been convicted of the same act. Here, the information in this case did not allege distinct acts, the verdict form did not separate the acts, and the evidence presented to the jury was such that I cannot clearly determine that the acts underlying Appellant's conviction were separate. Therefore I would find that a double jeopardy violation has occurred.

As the Florida Supreme Court has instructed, when multiple convictions violate double jeopardy, the convictions and sentences for the lesser offense or offenses should be vacated, and the greater offense affirmed. Shelley, 176 So. 3d at 920; State v. Tuttle, 177 So. 3d 1246 (Fla. 2015). Using a computer to solicit a minor and unlawful use of a two-way communication device are lesser offenses, and traveling after soliciting a minor is the greater offense, because the elements of the lesser offenses are subsumed in the greater offense. Hamilton, 163 So. 3d at 1278. In light of the foregoing, I would affirm the conviction under count I for violation of section 847.0135(4)(a), traveling to meet a person believed to be a child after using a computer or device capable of electronic data storage to solicit unlawful sexual conduct. I would vacate the convictions and sentences for both counts II and III as violations of the prohibition on double jeopardy. Amend. V, U.S. Const.; Art. I, § 9, Fla. Const.

Because the original opinion conflicts with numerous opinions from other districts, I would also certify conflict or a question of great public importance to the Florida Supreme Court. <u>See</u> Art. V, § 3(b)(4), Fla. Const.

**I HEREBY CERTIFY** that the foregoing is (a true copy of) the original court order.

Served:

| | | |
|---|---|---|
| Hon. Pamela Jo Bondi, A. G. | Hon. Andy Thomas, P.D. | Gilbert A. Schaffnit |
| Thomas H. Duffy, A.A.G. | Glen P. Gifford, A. P. D. | Courtenay H. Miller, A.P. D. |
| Justin D. Chapman, A. A. G. | Jessica Judith Dasilva | Hon. J. K. "Jess" Irby, Clerk |

_____
JON S. WHEELER, CLERK



8