IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SAMUEL D. STRAITIFF,

      Petitioner,

 v.                                    Case No.  5D16-2913

STATE OF FLORIDA.

      Respondent.

_____/

Opinion filed October 13, 2017

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Samuel D. Straitiff, Orlando, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING

PER CURIAM.

      We grant Petitioner's motion for rehearing, in part, withdraw the December 15, 2016 unelaborated order denying his petition for writ of habeas corpus, and substitute the following opinion in its stead.

      On the evening of January 8, 2012, a deputy with the Sumter County Sheriff's Department, posing as the mother of a fourteen-year-old daughter, posted an ad on Craigslist looking for a man to have sex with the fictional minor.  Petitioner responded to

the ad by e-mail and, shortly before midnight, discussed engaging in sexual activity with the minor. Petitioner and the "mother" agreed that on the following day, Petitioner and "daughter" would meet to engage in sexual activity. Petitioner and the "mother" e-mailed each other that next afternoon, confirming the meeting that evening between Petitioner and "daughter" for the sexual encounter. At 6:52 p.m. on January 9, 2012, Petitioner arrived at the arranged location where he was promptly arrested by the Osceola County Sheriff's Department.

Petitioner was charged with a single violation of section 847.0135(4)(b), Florida Statutes (2011), which prohibits traveling to meet a minor to engage in unlawful sexual conduct after using computer services or devices to make a prohibited solicitation. The State also charged Petitioner with a single violation of section 847.0135(3)(b), which prohibits the use of computer services or devices to solicit the consent of a parent or a person believed to be the parent, legal guardian, or custodian of a child to engage in unlawful sexual contact with the child. Lastly, Petitioner was charged with violating section 800.04(4)(a) for attempting to engage in sexual activity with a person twelve years of age or older but less than sixteen years of age.

Petitioner was convicted at trial as charged. The trial court sentenced Petitioner to serve seventy-five months in prison for the traveling conviction. For the other two convictions, Petitioner was placed on concurrent terms of five years of sex offender probation, consecutive to his prison sentence. On direct appeal, Petitioner cited to the Second District Court of Appeal's then-recent opinion in *Shelley v. State*, 134 So. 3d 1138, 1141 (Fla. 2d DCA 2014), which held that convictions for traveling to meet a minor to engage in unlawful sexual conduct after solicitation and for solicitation of a minor via the

2

computer for unlawful sexual conduct in the course of one criminal transaction or episode violated the constitutional prohibition against double jeopardy. Petitioner argued that based on *Shelley*, his dual convictions for solicitation and traveling after solicitation also violated double jeopardy principles. In response, the State essentially argued that *Shelley* was wrongly decided and that this court should instead follow the precedent of the First District Court of Appeal in *State v. Murphy*, 124 So. 3d 323 (Fla. 1st DCA 2013), and affirm the convictions because, as the court in *Murphy* concluded, the "clear legislative intent" was to punish these two crimes separately. The State alternatively asserted that Petitioner's convictions for these two crimes should be affirmed even if the convictions were based on the same criminal act, "as is often the case." This court affirmed Petitioner's convictions and sentences without opinion. *Straitiff v. State*, 147 So. 3d 1015 (Fla. 5th DCA 2014).

Not long after the release of the affirmance in this case, the Florida Supreme Court issued its opinion in *State v. Shelley*, 176 So. 3d 914 (Fla. 2015), resolving the conflict between the Second District's decision in *Shelley* and the First District's decision in *Murphy* as to whether the legislature intended to allow separate convictions for these two offenses based on the same conduct. The court first provided the following factual and procedural background:

> "Dean Shelley responded to a Craigslist ad posted in the Casual Encounters section by a police officer posing as a single mother nudist 'looking for family fun.'" *Shelley*, 134 So. 3d at 1139. Over the course of several days, Shelley made arrangements via electronic communications, including e-mail, instant messenger, and text message, to have sex with the "mother" and her fictitious ten-year-old daughter. *Id.* Shelley was arrested when he arrived at the arranged meeting place. *Id.*

The State charged Shelley with a single violation of section 847.0135(3)(b), which prohibits the use of computer services or devices to solicit the consent of a parent or a person believed to be the parent, legal guardian, or custodian of a child to engage in unlawful sexual conduct with the child. In addition, the State charged Shelley with a single violation of section 847.0135(4)(b), which prohibits traveling to meet a minor to engage in unlawful sexual conduct after using computer services or devices to make a prohibited solicitation. The State relied upon the same conduct to charge both offenses.

Shelley moved to dismiss, arguing, among other things, that dual convictions for solicitation and traveling after solicitation based upon the same conduct violate the constitutional prohibition against double jeopardy because solicitation is a lesser-included offense of traveling after solicitation. The trial court denied Shelley's motion, and Shelley pled guilty, but reserved his right to appeal the denial of his motion to dismiss. . . .

On appeal, the Second District held that Shelley's convictions for solicitation and traveling after solicitation impermissibly place him in double jeopardy because the Legislature has not explicitly stated its intent to allow separate convictions for these offenses based upon the same conduct and because the solicitation offense is subsumed by the traveling offense. *Shelley*, 134 So. 3d at 1141–42. Accordingly, the Second District vacated Shelley's conviction and sentence for the lesser offense of solicitation. *Id.* at 1142. In so holding, the Second District certified conflict with the First District's decision in *Murphy* on the issue of the Legislature's intent. *Id.*

176 So. 3d at 916–17 (footnote omitted).

The Florida Supreme Court approved the Second District's decision in *Shelley* and disapproved the First District's decision in *Murphy* on the issue of the Legislature's intent. *Id.* at 916. The court held that based on the plain language of section 847.0135, the Legislature had not explicitly stated its intent to authorize separate convictions and punishments for conduct that constituted both solicitation under subsection (3)(b) and

4

traveling after solicitation under subsection (4)(b). *Id.* at 919. The court concluded that because the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, double jeopardy principles prohibit separate convictions based upon the same conduct; thus, Shelley's solicitation conviction and sentence as the lesser of the two offenses was properly vacated. *Id.*

Based upon *Shelley* and our court's post-*Shelley* opinions in *Stapler v. State*, 190 So. 3d 162 (Fla. 5th DCA 2016), and *Pamblanco v. State*, 199 So. 3d 507 (Fla. 5th DCA 2016), Petitioner now petitions to have his conviction and sentence for solicitation vacated.[1] In *Stapler*, the defendant was charged with soliciting on or between February 7, 2012, and February 9, 2012, and with traveling after solicitation on February 9, 2012.[2] Stapler entered an open, no-contest plea to both charges, thus preserving his right to appeal any double-jeopardy violation. 190 So. 3d at 164. The only issue that we addressed was "whether Stapler can be convicted of multiple solicitations despite being charged with single counts of solicitation and traveling based on conduct occurring over the same specified period of time." *Id.* The State argued that the evidence established multiple violations sufficient to justify affirming the convictions for solicitation and traveling after solicitation. *Id.*

---

[1] In his petition, Petitioner also raised seven separate grounds of ineffective assistance of appellate counsel that we initially concluded, and on motion for rehearing still conclude, to be meritless.

[2] The specific details of the charges asserted against Stapler are evidenced by the information filed and contained in the record of Stapler's appeal. "This court can take judicial notice of its own records." *Scheffer v. State*, 893 So. 2d 698, 699 (Fla. 5th DCA 2005) (citing *Sinclair v. State*, 853 So. 2d 551, 552 n.2 (Fla. 1st DCA 2003); *Fyler v. State*, 852 So. 2d 442, 443 (Fla. 5th DCA 2003)).

5

In reversing Stapler's solicitation conviction, we first acknowledged that while the State can convict a defendant on multiple counts of solicitation where multiple counts are alleged and established, we would not deny a double jeopardy claim "based on uncharged conduct simply because it could have been charged." *Id.* at 164–65 (quoting *Shelley*, 134 So. 3d at 1141–42). We held that "[b]ecause Stapler was charged with single counts of solicitation and traveling based on the same conduct . . . [his] dual convictions under both subsections (3)(b) and (4)(b) violate his double-jeopardy rights." *Id.* at 165 (citing *Agama v. State*, 181 So. 3d 571, 571 (Fla. 2d DCA 2015)).

Similarly, in *Pamblanco*, the defendant was charged with unlawful solicitation and travel that took place over several days in February 2010. 199 So. 3d at 507. We noted that while "the State could have charged [Pamblanco] with . . . multiple offenses occurring on multiple occasions," the State charged him with "one count of solicitation and one count of traveling based on the same conduct." *Id.* Relying on *Stapler*, we found that "the dual convictions and sentences violated [Pamblanco's] right to be free from double jeopardy" and reversed his solicitation conviction. *Id.*

Here, the State charged Petitioner with committing one count of solicitation occurring on or between January 7 and January 10, 2012, despite the trial evidence establishing that the State first placed the Craigslist ad on the evening of January 8 and that Petitioner was arrested following his commission of the traveling offense on January 9. We see no material distinction between the facts and allegations of this case and those in *Stapler* and *Pamblanco*. Petitioner raised this issue on his direct appeal and our affirmance without opinion precluded him from seeking relief in the Florida Supreme Court while *Shelley* was pending before that court. *See Jenkins v. State*, 385 So. 2d 1356,

6

1359 (Fla. 1980) (holding that the Florida Supreme Court lacks jurisdiction to review per curiam decisions of district courts of appeal issued without opinion). Therefore, we conclude that this is one of those rare cases in which we should reconsider our earlier ruling on direct appeal. *See Dickerson v. State*, 204 So. 3d 544, 545 (Fla. 5th DCA 2016) ("[A]n appellate court has the authority to correct a 'manifest injustice' by way of habeas corpus proceedings.") (citing *Harris v. State*, 12 So. 3d 764, 765 (Fla. 3d DCA 2008)). Accordingly, we vacate Petitioner's conviction and sentence for solicitation and remand for resentencing based upon a corrected criminal punishment code scoresheet. *See Pamblanco*, 199 So. 3d at 507; *Lashley v. State*, 194 So. 3d 1084, 1085 (Fla. 1st DCA 2016).

PETITION FOR WRIT OF HABEAS CORPUS GRANTED, IN PART. CONVICTION AND SENTENCE FOR SOLICITATION VACATED.

COHEN, C.J., and WALLIS, J., concur.
LAMBERT, J., concurs and concurs specially, with opinion.

In *Shelley*, our supreme court made clear that double jeopardy principles prohibit separate convictions for solicitation under section 847.0135(3)(b) and traveling after solicitation under section 847.0135(4)(b) when based upon the same conduct. 176 So. 3d at 919. Conversely, there is no double jeopardy violation for dual convictions of these statutes when not based upon the same conduct. The difficulty in these cases is what constitutes the "same conduct."

The clear case is when a defendant uses a computer one time to solicit sexual activity with a minor, receives consent from the parent or the person believed to be the parent, legal guardian, or custodian to engage in the unlawful sexual conduct with the minor child, and thereafter travels to meet the minor for the sexual activity. However, the fact patterns in the vast majority of these cases that reach the appellate courts are not that direct. For example, in *Shelley*, the court wrote that "over the course of several days" the defendant made arrangements via various computer services or devices to have sex with the "mother" and the fictitious minor daughter, but "[t]he State relied upon the same conduct to charge both offenses." *Id.* at 916–17.

The Legislature has specifically provided under section 847.0135(3) that each separate use of a computer service or device to solicit may be charged as a separate offense. Much of the difficulty in determining whether the dual convictions were based upon the same conduct could be avoided by the State simply charging multiple counts of solicitation, if supported by the evidence, along with one count of traveling. Thereafter, if the case proceeded to trial, appropriate jury instructions would be provided to the jury explaining to them that there must be at least two separate and distinct acts of solicitation

8

to hold the defendant accountable on both a traveling violation and solicitation violation, and the verdict forms would allow the jury to separately determine whether the State has established, beyond a reasonable doubt, each of the solicitation counts. *See Lee v. State*, 223 So. 3d 342, 375–76 (Fla. 1st DCA 2017) (Makar, J., concurring in part, dissenting in part). At that point, it becomes clearer for the court and the parties whether a potential double jeopardy violation exists and, where appropriate, can be avoided by simply vacating the one solicitation conviction subsumed in the traveling conviction prior to sentencing. *Cf. Barnett v. State*, 159 So. 3d 922, 923–25 (Fla. 5th DCA 2015) (affirming a defendant's solicitation conviction charged as being committed on October 24, 2012, but vacating an October 26, 2012 solicitation conviction charged as occurring on the same date as the defendant's traveling after solicitation offense); *Hartley v. State*, 129 So. 3d 486, 488–91 (Fla. 4th DCA 2014) (affirming separate solicitation convictions charged as occurring on November 2, 2011, and November 3, 2011, but vacating a solicitation conviction charged as occurring on November 4, 2011, where the defendant was also charged and convicted of traveling on November 4, 2011, to meet a minor to commit an unlawful sex act following solicitation).

  With this observation, I concur in the majority opinion.