# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D13-4977
_____

NATHAN DYGART,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Jackie L. Fulford, Judge.

May 18, 2018

ON REMAND FROM THE FLORIDA SUPREME COURT

WINSOR, J.

In the fall of 2011, Nathan Dygart exchanged messages with someone he thought was a fourteen-year-old girl named Amber. The two discussed sports, television, and parents. They also discussed sex, Dygart becoming increasingly explicit. The discussions escalated, and Dygart eventually drove to Tallahassee's Killearn subdivision, where he planned to have sex with fourteen-year-old "Amber."

When he arrived in Killearn, Dygart learned there was no "Amber"; he had been corresponding with a police detective involved in a sting operation. Officers arrested Dygart, and the State charged him with two crimes: one violation of section 847.0135(4)(a), which prohibits traveling for sex with a child (or

someone thought to be a child) after using a computer to solicit a child for sex; and one violation of section 847.0135(3)(a), which prohibits using a computer to solicit a child (or someone thought to be a child) for sex, whether the perpetrator travels or not.

A jury convicted Dygart on both counts, and the trial judge sentenced him to twenty-four months in prison, plus sex-offender probation. Dygart appealed, arguing insufficient evidence, entrapment, and double jeopardy, among others. This court affirmed with a short opinion that addressed only the double-jeopardy issue. *Dygart v. State*, 163 So. 3d 1292 (Fla. 1st DCA 2015), *quashed by Dygart v. State*, 2016 WL 1700524 (Fla. Apr. 28, 2016). On that issue, the court concluded it was bound by this court's earlier precedent holding that "dual convictions for violation of sections 847.0135(3) and 847.0135(4), Florida Statutes (2011), do not violate double jeopardy." *Id.* The court noted, though, that the supreme court had granted review in another case involving this same issue. *Id.* (citing *Shelley v. State*, 134 So. 3d 1138, 1140-42 (Fla. 2d DCA), *review granted*, 147 So. 3d 527 (Fla. 2014)).

In *State v. Shelley*, the supreme court held that separate convictions for solicitation and traveling after solicitation cannot stand if they are "based upon the same conduct." 176 So. 3d 914, 919 (Fla. 2015). The court expressly disapproved our earlier decision in *State v. Murphy*, 124 So. 3d 323 (Fla. 1st DCA 2013), which held the opposite, and on which we had relied in Dygart's initial appeal. *See Dygart*, 163 So. 3d at 1292. The supreme court then quashed our initial *Dygart* decision, remanding for our reconsideration in light of *Shelley*. *Dygart*, 2016 WL 1700524. We again affirm.

After *Shelley*, the law is clear that a single solicitation cannot support a conviction for solicitation and a separate conviction for traveling after solicitation. 176 So. 3d at 919. Our task, then, is to determine whether Dygart's two convictions flowed from a single solicitation—whether they were "based upon the same conduct." *Id.*; *see also Lee v. State*, 223 So. 3d 342, 351 (Fla. 1st DCA 2017) (en banc) ("*Shelley* does not disturb well-established precedent allowing for multiple punishments where a defendant commits multiple criminal acts. Accordingly, dual convictions for

solicitation and traveling are not barred by *Shelley* and do not violate double jeopardy, if the record demonstrates that the defendant made two or more solicitations. Rather, the holding in *Shelley* is limited to cases where the defendant is convicted of both solicitation and traveling after solicitation based on a single act of solicitation."), *review granted*, SC17-1555 (Feb. 8, 2018).

Dygart bears the burden to show that the record demonstrates a double-jeopardy violation. *Lee*, 223 So. 3d at 353; *Sprouse v. State*, 208 So. 3d 785, 787 (Fla. 1st DCA 2016); *Edwards v. State*, 139 So. 3d 981, 983 (Fla. 1st DCA 2014). Having reviewed the record, we conclude that Dygart has not met his burden. The record includes dozens of text messages over roughly twenty-four hours and included transmissions from which a jury could find multiple, discrete solicitations. *Cf.* § 847.0135(3), Fla. Stat. (2011) ("Each separate use of a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission wherein an offense described in this section is committed may be charged as a separate offense."). This means Dygart cannot demonstrate that both of his convictions relied on the same specific solicitation, which means that *Shelley* does not require us to vacate either conviction.

We do not disagree with the concurring opinion's observation that we should look to what the State charged. And nothing in *Lee* requires otherwise. Here, the State charged Dygart with one count of traveling (which includes as an element an act of solicitation), along with one count of solicitation (which likewise includes as an element an act of solicitation). We have no reason to assume that both counts are based on a single act of solicitation, particularly when the record shows Dygart committed multiple acts of solicitation. Nor can we accept the argument that an individual act of solicitation is not "charged" unless it is charged as a standalone solicitation, unconnected to any traveling violation. When the State charges traveling after solicitation, it is necessarily accusing the defendant of solicitation because solicitation is an element of the offense. *See* § 847.0135(4)(a), Fla. Stat. (2011) (prohibiting traveling for the purpose of engaging in unlawful sexual conduct "after using a computer online service [or other electronic means]

3

to: (a) Seduce, solicit, lure, or entice" a person believed to be a child to engage in unlawful sexual conduct).

Consider an example. Suppose a defendant solicits a minor over the Internet two separate times. No one would dispute that the defendant could be charged with two counts of solicitation; after all, he committed two separate offenses. Now suppose that after one of the two solicitations the same defendant travels to meet the minor for sex. Has he not still committed two separate offenses? Of course he has: one for the crime of solicitation (for the first solicitation, after which he did not travel) and one for traveling to meet the minor after the second solicitation. In this situation, the first offense turned on one solicitation, and the second offense turned on a second, independent solicitation. *Shelley* would not require us to presume there was only one solicitation when the record showed more. Instead, *Shelley* applies only when multiple convictions turn on the *same* solicitation. *Shelley*, 176 So. 3d at 919 (finding double jeopardy violation when dual convictions for solicitation and traveling after solicitation were "based upon the same conduct"); *Lee*, 223 So. 3d at 351-52 (noting that Shelley holding applies only when multiple convictions are "based on a single act of solicitation").

Last, the concurring opinion notes that Dygart's jury was not instructed that it could convict on both counts only if it found two separate solicitations. But Dygart does not make that argument himself, and he did not preserve any challenge to the jury instructions. Nor has Dygart challenged the adequacy of the verdict form or the specificity of the charging document. He could have proposed different jury instructions below, objected to the verdict form, or filed a motion for a bill of particulars.[*] But we cannot reverse based on issues he did not preserve and does not argue here. Our only issue is whether, on this record, Dygart has

---

[*] Had Dygart successfully challenged his convictions based on the jury instructions or verdict forms, his remedy would have been a new trial—not our permanently vacating one of his two convictions. *See, e.g., Ramroop v. State*, 214 So. 3d 657, 668 (Fla. 2017).

4

met his burden of showing a double-jeopardy violation. Because he has not, we affirm.

AFFIRMED.

WINOKUR, J., concurs; MAKAR, J., concurs in result dubitante with opinion.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

MAKAR, J., concurring in result dubitante.

Our en banc decision in *Lee v. State*, 223 So. 3d 342 (Fla. 1st DCA 2017), *reh'g denied* (Aug. 8, 2017), *rev. granted*, SC17-1555 (Feb. 8, 2018), rejected cogent double jeopardy claims and curbed the applicability of *State v. Shelley*, 176 So. 3d 914 (Fla. 2015), upon which the remand in this case is based. But for *Lee*, *Shelley* would control in this case. As in *Shelley*, Dygart was charged by information with a single violation of section 847.0135(3) (one act of solicitation on or about October 15th-16th) and a single violation of section 847.0135(4)(b) ("traveling after solicitation" on or about October 16th). Like *Shelley*, where the "State relied upon the same conduct to charge both offenses," *id.* at 916-17, the charges here relied upon the same conduct over the same closely-specified time period. And, similarly to what happened in *Shelley*, the State charged no separate and distinct counts of solicitation; only one count was charged against Shelley and Dygart.

Under these circumstances, *Shelley* holds that dual convictions for these two offenses violates double jeopardy because the charged solicitation count is subsumed in the charged traveling after solicitation count. If Dygart had pled guilty to the two counts, as Shelley did, he would be entitled to relief; that he went to trial and was convicted on the two charged counts shouldn't change that result. Either way, the State is constrained by what it charged, not what it could have charged. As the Second District in *Shelley* said:

5

The State asserts that because Shelley's three separate uses of computer devices on the date charged in the information would have supported three separate soliciting charges, the soliciting charge is not subsumed by the traveling charge. We are not persuaded by this argument. The State only charged one use of computer devices to solicit, and that charge was based on a solicitation occurring on the same date as the traveling offense. *We find no legal basis to deny a double jeopardy challenge based on uncharged conduct simply because it could have been charged.* But we acknowledge that convictions for both soliciting and traveling may be legally imposed in cases in which the State has charged and proven separate uses of computer devices to solicit.

*Shelley v. State*, 134 So. 3d 1138, 1141-42 (Fla. 2d DCA 2014) (emphasis added), *approved*, 176 So. 3d 914 (Fla. 2015); *see also Stapler v. State*, 190 So. 3d 162, 164-65 (Fla. 5th DCA 2016) ("While we acknowledge that the State can convict a defendant on multiple counts of solicitation where multiple counts are alleged and established, we join the Second District Court of Appeal in declining to deny a double-jeopardy claim 'based on uncharged conduct simply because it could have been charged.'") (footnote omitted); *Pamblanco v. State*, 199 So. 3d 507 (Fla. 5th DCA 2016) (finding a double jeopardy violation where "unlawful solicitation and travel took place over several days in February 2010" such that "the State could have charged Appellant with multiple counts of solicitation and traveling with regard to the multiple offenses occurring on multiple occasions. However, the information charged Appellant with one count of solicitation and one count of traveling based on the same conduct.").

But *Lee* holds differently. Rather than looking at what the State actually charged to determine whether separate and distinct solicitations were alleged and proven, *Lee* undertakes de novo appellate review of the trial record in search of evidence of two separate and distinct solicitations, despite only one act of solicitation having been charged. If the appellate court on its own can glean two acts of solicitation from the record on appeal—one charged and one uncharged—*Shelley* doesn't apply and the double jeopardy violation vanishes. That's why *Lee*'s holding is in

6

apparent conflict with what the Second District held in *Shelley* (and what other districts hold as well, *see Stapler*, *Pamblanco*), which is to draw the line at only charged conduct.

Moreover, the jury in this case—as in *Lee*—was not instructed that it must find two separate and distinct acts of solicitation to convict the defendant on both the solicitation and "traveling after solicitation" counts (one solicitation would be subsumed in the "traveling after solicitation" count and the other would have to be separate and distinct from the first to avoid a double jeopardy violation). Like those in *Lee*, the jury instructions in this case did not make this distinction, made no reference to the dates in the information, and did not limit the jury's consideration of uncharged solicitations. The verdict form was equally barren, asking only two questions, i.e., whether they found defendant "guilty as charged of Unlawful Use of Computer Service" and "guilty as charged of Traveling To Meet a Minor."

Under these circumstances, because it can't be demonstrated that the jury's verdict was based on separate and distinct acts, it is impossible to conclude that a double jeopardy violation didn't occur. *Lee*, 223 So. 3d at 372 ("[T]he double jeopardy problem in this case stems from a poorly-drawn information and the lack of jury instructions and a verdict form that assures us that the jury actually found that each violation of the traveling and solicitation counts charged against Lee was based on separate and distinct acts.") (Makar, J., concurring in part, dissenting in part); *id.* at 371 ("The information in this case did not allege distinct acts; the verdict form did not separate the acts; and the evidence presented to the jury could support, but did not require, the jury to find that the acts underlying Lee's conviction were separate.") (Bilbrey, J., concurring in part, dissenting in part); *see also Assanti v. State*, 42 Fla. L. Weekly D1747 (Fla. 1st DCA Aug. 10, 2017) ("Because of how the case was charged, and without a special verdict form, we do not know that the jury did not use the same act of solicitation to convict the Appellant for violating section 847.0135(3)(a) and to satisfy the solicitation element under section 847.0135(4)(a).") (Bilbrey, J., concurring in result). An easy fix for this constitutional problem exists, that being to charge separate and distinct counts of solicitation, as the Legislature has authorized, but that wasn't done here. *See Lee*, 223 So. 3d at 372 (Makar, J., concurring in part,

dissenting in part); *see also Straitiff v. State*, No. 5D16-2913, slip op. at 8-9, 2017 WL 4553902 (Fla. 5th DCA Oct. 13, 2017) (Lambert, J., concurring and concurring specially).

But *Lee* has left the runway, its dissenters' views mere contrails. While I concur in the result in this case, because adherence to *Lee* is required, it is not without continuing doubt as to *Lee*'s correctness and its shelf life due to its conflict with the *Shelley* decision and those from other districts.

———————————————

Andy Thomas, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle D. Lylen, Assistant Attorney General, Tallahassee, for Appellee.